HARRIS v. M. F. SHAFER & CO.

(Circuit Court of Appeals, Eighth Circuit. December 31, 1925.)

No. 6845.

1. Bankruptcy ⟲ 11—Court proceeds in accordance with equitable principles and looks through form to substance.

Bankruptcy court proceeds in accordance with equitable principles, and looks through matters of form to substance.

2. Bankruptcy ⟲ 316(1)—Receiver of corporation held entitled to allowance of claims against bankrupt corporation for money loaned bankrupt on notes.

Where bankrupt corporation borrowed money from corporation in receivership evidenced by notes to cover diversion of trust funds, no part of which was paid, both corporations being controlled by same persons, held, that receiver's claims on notes should be allowed against bankrupt.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

In the matter of M. F. Shafer & Co., bankrupt. From an order disallowing a portion of the claim of Silas A. Harris, receiver of the American Bank Building Company, against bankrupt, said receiver appeals. Reversed, with directions.

A. C. R. Swenson, of Omaha, Neb. (William Ritchie, Jr., of Omaha, Neb., on the brief), for appellant.

Clinton Brome, of Omaha, Neb., for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an appeal from an order disallowing a portion of the claim by the receiver of the American Bank Building Company against the bankrupt estate of M. F. Shafer & Co. This claim was founded on four promissory notes, three for $10,000 each and one for $5,250. The claim upon the last note, which was for a balance due thereon after credit of certain payments, was not disputed and allowed. The portion of the claim upon the three notes for $10,000 each was disallowed and is the subject of this appeal. The transactions concerning these three notes tread an intricate maze of financial jugglery. However, it is not necessary to follow all of this devious trail. For some time prior and up to the time the Building Company went into receivership and Shafer & Co. was declared bankrupt, Ward E. Shafer and Marion F. Shafer were the chief executive officers, a majority of the board of directors and in complete control of both of these companies. They induced one, S. H. Grace, to divert trust funds in his custody with the result that $45,000 thereof were deposited in the account of the bankrupt. Of this amount approximately $30,000 was used in the business of and for the benefit of that company. A portion of these funds were returned to Grace, but, thereafter, when it became necessary for him to account for the diverted funds, the bankrupt borrowed $30,000 from the Building Company for the purpose of repaying Grace and the funds thus secured were so used. This indebtedness to the Building Company was evidenced by three notes of the bankrupt for $10,000 each executed and delivered by M. F. Shafer, its president. Thereafter, for the purpose of avoiding apprehended difficulty on account of such notes with the state auditing department, which was about to audit the books of the Building Company, one O. B. Williams was brought into the transaction. He executed and delivered to the Building Company three notes for $10,000 each with which were deposited as collateral three antedated notes of the bankrupt for similar amounts. In return for the Williams' notes, the Building Company surrendered the notes of the bankrupt held by it. Thereafter, the Williams' notes were returned to him under an arrangement for replacement of them by the three notes which had served as collateral. The purpose and effect of all of these transactions were fully known and understood by all of the parties thereto. It is upon these three notes that this portion of the claim is founded.

[1, 2] Objection to allowance made by the trustee were: Lack of consideration, ultra vires and illegality. In a lengthy memoran-

dum the referee obliterated this claim on the theory that the execution of these notes was without consideration and ultra vires because not made in the usual course of business, because of lack of authority in the president of the bankrupt and because they were, in effect, guaranty notes back of the Williams' notes and could not be enforced until all remedy against Williams on his notes had been exhausted. Fortunately, equity can look through all matters of form to the underlying essential substance and a court of bankruptcy proceeds in accordance with equitable principles. In this case, that essential substance is that the bankrupt has secured from the Building Company $30,000, which it has used for its own purposes and that the Building Company holds three notes, totaling that amount, and intended to represent that indebtedness. No part of that indebtedness has been paid and we can imagine no reason why, in justice and fair dealing, it should not be allowed.

It is said by the referee that the time for filing claims has lapsed and that an amendment of the present claim to the effect of a declaration upon the indebtedness, irrespective of the notes, is substantially the presentment of a new claim, and, therefore, now out of time. Therefore, the proposition is that the Building Company has finally to lose $30,000 for which it gained not one thing and the creditors of the bankrupt are to enjoy that $30,000 although the bankrupt gave not one thing therefor except these notes. No court of justice, particularly no court of equity, should permit any such result.

We think the order denying this portion of the claim should be reversed with instructions to allow it in full; and it is so ordered.