### In re LA SALLE BANK NOTE CO.
### COHN v. KLEIN.
#### No. 5449.

Circuit Court of Appeals, Seventh Circuit.
Dec. 30, 1935.

Edgar J. Schoen and Aaron Taymor, both of Chicago, Ill., for appellee.

Jacob Kosbie, of Chicago, Ill., for appellant.

Before SPARKS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

ALSCHULER, Circuit Judge.

Appellant, Cohn, seeks reclamation of certain chattels which came into possession of bankrupt's trustee. He claims part of the chattels by reason of the assignment to him, February 9, 1934, of a conditional sales contract executed by the bankrupt, whereon $306.53 remained unpaid, and the other part through assignment, February 10, 1934, of a note secured by chattel mortgage, whereon $390 was owing.

Cohn maintains that he acquired these securities for himself alone, with his own funds, for full consideration, for investment.

Appellee contends that Cohn was a mere figurehead in the transaction, acting wholly for, and under the direction of, his uncle, Barnett; that Barnett caused Cohn to acquire these securities pursuant to an agreement of Barnett with one Schreiner and one Levine, who together owned at least two-thirds of bankrupt's capital stock, to the effect that Barnett should acquire these securities for the corporation, so that the chattels securing them would be free from the lien thereof, and that Barnett should receive therefor from Schreiner and Levine one-third of their joint stock holdings in the concern.

The testimony given in support of these variant contentions is in hopeless contradiction, involving much confusion. The contradictions and inconsistencies are not limited to the opposite sides as against each other, but are manifested as well within the respective sides. There would be no material enlightenment in pointing out various items of evidence pro and con, and in directing attention to the many contradictions and inconsistencies. The referee, before whom the evidence was adduced, personally heard the witnesses and found the facts to be that Cohn had no personal interest whatever in the controversy beyond being the naked holder of the securities for the sole benefit of his uncle, Barnett; that Barnett entered into an agreement with Schreiner and Levine as above stated, in pursuance of which he procured Cohn to acquire, for the benefit of the corporation, the securities in question; that they were so procured; and that the chattels of bankrupt thereby became relieved from the lien of the securities. The rest of his findings are in amplification of those recited.

The referee ordered the reclamation petition to be dismissed, and review was sought in the District Court, which heard the matter and affirmed the order of the referee. On motion to vacate the affirming order, further argument was had, and the court denied the motion to vacate and again denied the prayer of the petition to review, filing a memorandum as set forth in the margin.[1]

---

[1] "The court is still of the opinion expressed in the memorandum heretofore filed herein on December 3, 1934. The fact is that one Barnett entered into a contract with two officers of the bankrupt for the benefit of the bankrupt. In general, the contract was that Barnett would purchase two claims against the bankrupt and cancel them, in consideration of the two officers of the bankrupt dividing their stock with him, Barnett. In pursuance of this agreement, Barnett caused the petitioner to purchase the two claims. What the petitioner Cohn did in respect of the purchasing of the claims was done by Barnett, and when the claims were purchased they belonged to the bankrupt and were extinguished. Barnett, of course, has a claim against the two officers of the bankrupt for the shares of stock which they promised him, but neither Barnett nor his agent Cohn has any claim against the bankrupt on the two claims which were purchased. It seems to the court that the reason why Mr. Barnett did not go through with his contract with the bankrupt was that bankruptcy intervened. But bankruptcy did not intervene until after Mr. Barnett had purchased the two claims, and when he purchased them they were extinguished. That the stories of

We are satisfied that the court was justified in looking through the form of the transaction to its substance, Harris v. M. F. Shafer & Co. (C.C.A.) 10 F.(2d) 351, and could and should apply equitable principles to the situation here presented. In re Chicago Reed & Furniture Co. (C.C.A.) 7 F.(2d) 885; Litzke v. Gregory (C.C.A.) 1 F.(2d) 112; Browne on Bankruptcy Law and Procedure (1930) § 1; 11 U.S.C.A. § 11. In this view it was empowered to find, as it did find, that Cohn had no real interest in the matter, and that Barnett was in equity the actual procurer of these assignments for the benefit of the bankrupt corporation, and that they were in fact so acquired. The referee heard the oral testimony, and had better opportunity than we have to pass upon the credibility of the witnesses and the weight to be accorded their testimony.

We believe that the District Court in its memorandum correctly stated the applicable rules, and are well assured we would not be justified in disturbing that order, which is affirmed.

the two officers of the bankrupt in respect of their contract with Mr. Barnett are true is borne out by the fact that Mr. Barnett opened an account in a bank in

the name of LaSalle Banknote Company, Not Incorporated, or some similar name.

"After full argument, the court is clear that the order of the Referee is correct."