## BERDIE et al. v. KURTZ et al.
### No. 8142.

Circuit Court of Appeals, Ninth Circuit.
Feb. 15, 1937.

E. H. Whitcombe, of Los Angeles, Cal., for appellants.

H. C. Johnston, Lewis D. Collings, and Edward M. Selby, all of Los Angeles, Cal., for appellees.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This appeal is from a decree in the District Court following the decision of this court (75 F.(2d) 898) declaring unconstitutional the Agricultural Adjustment Act, 48 Stat. 31 (U. S. v. Butler et al., Receiver of Hoosie Mill Corp., 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914) under which the licenses authorizing collection of the money in issue was made directing the payment to appellees; and restraining appellants from demanding or endeavoring to collect from appellees money set out in their complaint.

October 10, 1934, the District Court entered an order as follows: "It is ordered that within ten days from October 3, 1934, plaintiffs individually shall deposit with the Clerk of this Court that portion, if any, of the amount of the price of milk purchased from any producer, other than plaintiffs themselves, which they are now withholding as deductions of any kind or nature pursuant to any order or demands of the administrators of the milk licenses in the Los Angeles area. They shall, within said time, prepare and file with the Clerk statements from all designated, the several producers or handlers of milk from whom any such payments have been withheld, together with the amount withheld from each."

The amount (stated in appellants' brief and not controverted as) deposited is $26,-884.69.

The foregoing order was entered before the former appeal to this court, but the ownership of the money was not an

issue. It was deposited by appellee as security in lieu of a bond as required by 28 U.S.C.A. § 382.

For a fuller statement of the involved laws and rules conformable to the provisions of the "Agricultural Act," supra, and claims of the appellants and appellees, see 75 F.(2d) 898, supra.

After the case was returned to the trial court, appellants filed a supplemental and amended answer, denying that the money deposited pursuant to the foregoing order belonged to appellees; and also stated that no interest is claimed by appellants "except as to the beneficiaries for whom appellants are acting," and to see that said money is liquidated in equality of right to the persons entitled thereto. On motion the answer and cross-complaint was stricken in the District Court. Request was then made to file an amended and supplemental answer and cross-complaint. This was denied, and exception allowed.

At bar it is stated, "All issues are settled except ownership of the money." Many errors are assigned. Only the refusal to permit further pleading and directing payment of the money to the appellees will be noticed.

In view of the sole issue before the court, ownership of the money deposited with the clerk of the District Court, and the relation of appellants, or some of them, to the chain which placed the money in appellees' keeping and severing of the chain by decision of the court, supra, greater liberality should have been indulged in bringing all possible facts before the court to the end that the real parties in interest be presented before the chancellor, and multiplicity of suits avoided. And when the record shows that the money is not the property of the appellees, nor is it the money of the appellants, neither is a real party in interest as to the fund. Each party in this occupies the relation of friend to the court more closely than any other status. Each apparently desires to disburse the fund to whom they think that it belongs. This is a power the court may not delegate.

While appellants rightfully collected the money, the holding became wrongful when the "Agricultural Act," supra, failed. The persons from whose sales prices the amounts were deducted, or their assignees, are the real parties in interest.

This court suggested in 75 F.(2d) 898, at page 905, supra, that the money was deposited by appellees evidently intended as security in lieu of the bond as required by 28 U.S.C.A. § 382. But the ownership of this money was in no sense in issue nor was it adjudicated, nor was the content of the order called to the court's attention.

The cases cited by appellees, Reilly v. Wheatley (C.C.A.) 68 F.(2d) 297, Spiller v. St. Louis & S. F. R. Co. (C.C.A.) 14 F.(2d) 284, Fagan v. Whidden (C.C.A.) 57 F.(2d) 631, 3 Bogert Trusts and Trustees, 1624, refer to trusteeships ex maleficio and are not in point. The trusteeship ex maleficio here ended when the money so deducted was deposited with the clerk of the District Court, and is now in the chancellory of the chancellor. Can the chancellor in good conscience return the money to the appellees, who have no right to it, and deprive the rightful owners therefrom, or compel suit to collect it, or by reason of expense cause abandonment, or the loss of much thereof in collection expenses and by so doing invite multiplicity of suits?

Equity in the process of development has assumed the qualities of a composite system, expansive rather than abstract in relation to settled rules by which rights are measured and processes invoked—not always defined. The power of the chancellor and the processes of a court of equity must be equal to any emergency and portend to protect the poor and the rich alike, compel justice and right to every one in its hold. The cradle of equity is the power to afford adequate remedy where the law is impotent; it does not create new rights, but affords a remedy for existing rights. Every known step in the court of equity was born of some emergency to apply settled rules to new conditions. The entrance to the portals of equity are not branded, labeled, or limited, nor has equity or its processes become static, Chicago Auditorium Ass'n v. Willing (C.C.A.) 20 F.(2d) 837, but must continue to grow, and if need be extend its borders so as to encompass "any civil right of a pecuniary relation." Toledo, etc., R. Co. v. Pennsylvania Co. (C.C.) 54 F. 746, 19 L.R.A. 395; Southern California R. Co. v. Rutherford (C.C.) 62 F. 796. A court of equity may contrive new remedies, the remedies at law

160

being inadequate. Joy v. St. Louis, 138 U.S. 1, 11 S.Ct. 243, 34 L.Ed. 843.

 The money deposited in the chancellory of the court may only be paid to the real parties in interest or their authorized agents. That portion of the decree directing the money in the chancellory to be paid forthwith to those who deposited it is reversed, and the District Court is instructed to allow appellants to file an amended and supplemental answer and cross-complaint, if facts are stated showing such parties to be real parties in interest, and to require the persons named in the statement filed by the appellees with the clerk from whose sales prices certain amounts have been deducted and deposited in the chancellory of the court be brought in, by proper pleading or claim, or intervention or otherwise, and to require other, and all claimants, if any, to be in like manner brought in, and after issues are joined and if by stipulation or otherwise it may be determined by the court to whom said money should be paid, to order payment accordingly; but if the court deems it necessary that any or all issues as to ownership of this money in the interest of economy of time and expense be referred to a special master to take testimony and make findings of fact and report same to the court, to do this with all speed.

It is further ordered that neither parties recover costs of this appeal.