I do not feel justified in interfering with the transaction on the record before me.

## ST. PAUL FIRE & MARINE INS. CO. v. PETROLEUM NAV. CO.

### No. 14177.

District Court, W. D. Washington, N. D.
Sept. 30, 1940.

The doctrine of subrogation is one of equity and springs out of the right to contribution. Dowdy v. Blake, 50 Ark. 205, 6 S.W. 897, 7 Am.St.Rep. 88; Bisph. Eq. Sec. 335. Subrogation comes from the civil law, it was called by the Civilians "a 'species of spontaneous agency'", Durante v. Eannaco, 65 N.Y.App.Div. 435, 72 N.Y. S. 1048, 1050, and its object is to prevent injustice. It is the creation of Courts of Equity, conceived and administered to do justice or prevent an injustice being done, and is within its jurisdiction. Berdie v. Kurtz et al., 9 Cir., 88 F.2d 158. The issue clearly is relief from fraudulent conduct, United Transportation & Lighterage Co. v. New York & Baltimore Transp. Line, 2 Cir., 185 F. 386, and is not within the jurisdiction of the Admiralty Court, Andrews and Stephens v. Essex Fire & Marine Ins. Co., 1 Fed. Cas. p. 885, No. 374; Ward v. Thompson, 22 How. 330, 332, 63 U.S. (3 Miller) 361, 16 L.Ed. 249. In any event, Home Ins. Co. v. Merchants' Transportation Co., 9 Cir., 16 F.2d 372, this Circuit, is authoritative on me, and controls. Exceptions to the libel sustained. Assuming libelant does not wish to amend, the libel will be dismissed for lack of jurisdiction.

Jones & Bronson, of Seattle, Wash., for libelant.

Allen, Froude & Hilen, of Seattle, Wash., for respondent.

NETERER, District Judge.

The relief sought is from fraud practiced by respondent upon the Shell Oil Company principal and upon libelant its underwriter. The relief claimed is clearly equitable. The libel is not upon the policy of Marine Insurance; nor, on the contract of affreightment referred to in the libels; the action seeks to recover money paid to respondent upon its false and fraudulent representations.

Courts of Admiralty have no general jurisdiction to administer relief, 28 U. S.C.A. § 371; Turner v. Beacham, 24 Fed. Cas. p. 346, No. 14,252.

