In re BENJAMIN.

(District Court, M. D. Pennsylvania. September 7, 1905.)

No. 588.

1. FRAUDS, STATUTE OF—PAROL SALE OF STANDING TIMBER.

A sale by parol of standing timber, to be immediately cut, is good in law.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, § 86.]

2. BANKRUPTCY—INJUNCTION—RIGHT OF REFEREE TO AWARD.

The right of a referee to award an injunction cannot be regarded as finally settled. But where, on an application for an injunction, the parties have gone before the referee and submitted the question at issue between them, inasmuch as it might have been referred to him by the court in the first instance, this will be regarded as an equivalent by which the parties are bound.

3. SAME—FRAUDULENT SALE OF PROPERTY BY BANKRUPT—PURCHASER HOW AFFECTED.

Up to the moment of bankruptcy a party may make a valid disposition of his property, where it is done for a fair consideration and with an honest motive; and even where there is a fraudulent intent, in order to affect the purchaser, collusion must be shown.

4. SAME.

Where, on a sale of standing timber to be immediately cut, it was shown that the price was inadequate; that the sale was made when the bankrupt was under execution, and had the effect of taking away that much from the value of the farm, which was heavily incumbered, to the known detriment of those who had liens upon it; that there was a secret additional price for the benefit of the bankrupt from that which was openly spoken of; that the purchaser paid almost nothing down, and at once stopped payment on a check given for the balance on a mere rumor of

trouble, as though conscious of its possibility, and in the meantime was cutting down and taking off the timber as rapidly as possible—a decision by the referee that the sale was fraudulent will not be disturbed.

In Bankruptcy. On certificate from J. W. Codding, referee.

Lilley & Wilson, for exceptions.

Rodney A. Mercur, for trustee.

ARCHBALD, District Judge. The right of a referee to award an injunction cannot be regarded as finally settled; for, while it is sustained by some of the leading works on Bankruptcy (Collier [5th Ed.] p. 132; Brandenburg [3d Ed.] § 683), it is denied by rule in certain jurisdictions (In re Siehert, 13 Am. Bankr. Rep. 348, 133 Fed. 781), and limited in others (Collier, p. 132, note 52), and is materially restricted, if not taken away, by the general orders promulgated by the Supreme Court. Gen. Order 12. It is not questioned, however, here, and I only refer to it, so that in confirming the action of the referee I may not be committed to it as a precedent. The parties have submitted the question at issue between them to the referee for disposition, and, as the court might have referred it to him in the first instance, this must be regarded as an equivalent, by which they are bound. In re Steuer, 5 Am. Bankr. Rep. 209, 104 Fed. 976.

The referee has found that the parol sale made by the bankrupt to Kelley, just prior to his bankruptcy, of the standing timber on the three acres of his farm lying east of Bennett creek, for the price of $25, was intended to defraud his creditors, and the only question is whether this was warranted by the evidence. This depends upon a number of facts and circumstances. As pointed out by the referee, not only was the price inadequate—the value of the timber being variously estimated at from $75 to $250, and the damage to the rest of the farm (which was heavily incumbered), by its being taken off, from $200 to $500—but the sale was also made in the face of an execution on which the personal property of the bankrupt had been disposed of by the sheriff, and which, as was to be expected, was immediately followed by a levy on the real estate; the timber in the meantime being cut down and taken off as rapidly as possible by the purchaser. There was some evidence, also, that Kelley said he had bought the timber for $50, although the nominal price was but half that, and of this but $2 was paid in cash; a check for $23 being given for the balance, on which payment was stopped by Kelley on the ground that he heard there might be trouble. No doubt, a sale by parol of standing timber, to be immediately cut, is good in law. Robbins v. Farwell, 193 Pa. 37, 44 Atl. 260. And even up to the moment of bankruptcy a party may make a valid disposition of his property, where it is done for a fair consideration and with an honest motive. Githens v. Schiffler, 7 Am. Bankr. Rep. 453, 112 Fed. 505; In re Duffy, 9 Am. Bankr. Rep. 358, 118 Fed. 926. In order to affect the purchaser, also, collusion must be shown. But the intent is the test, whether honest or fraudulent, and, while the evidence here to call the transaction in question may not be strong, the referee, who had the witnesses before him and heard their testimony, was unfavorably impressed by it, and I am not prepared to dis-

140 F.—21

turb his conclusions. The inadequacy of the price; the fact that the sale was made when the bankrupt was under execution and had the effect of taking that much away from the value of the farm, to the known detriment of those who had liens upon it; the existence of a secret additional price for the benefit of the bankrupt from that which was openly spoken of; and the action of Kelley in paying almost nothing down, and at once stopping payment on his check on the mere rumor of trouble, as though conscious of its possibility—all are circumstances of more or less significance, which we may assume entered into the decision of the referee and go to sustain it.

The suggestion that irrelevant evidence was admitted, which might have influenced the referee in his conclusions, requires no discussion. No exception was taken to it at the time, and it cannot, therefore, be insisted on here.

The objections are overruled, and the action of the referee in restraining the cutting and removal of the timber in question is adopted and confirmed.