### In re HOPKINS.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 106.

1. BANKRUPTCY ⬤288—RECOVERY OF PROPERTY—QUESTIONS OF FACT.

In a proceeding by a trustee in bankruptcy to compel the bankrupt's wife to turn over money to him, evidence *held* to make a question of fact as to whether money which the wife at one time had on deposit in a bank belonged to her or to the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ⬤288.]

2. BANKRUPTCY ⬤442—RECOVERY OF PROPERTY—WAIVER OF OBJECTIONS TO SUMMARY PROCEEDINGS.

Where, in a summary proceeding by a trustee in bankruptcy to compel the bankrupt's wife to turn over money claimed to belong to the estate,

neither the bankrupt, the wife, nor any one else objecting to the form of the proceeding, it was too late on a petition to revise to contend that a plenary suit, and not a summary proceeding, should have been brought.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 918; Dec. Dig. ☞442.]

3. BANKRUPTCY ☞446—REVIEW OF PROCEEDINGS—QUESTIONS OF FACT.

Where, in a proceeding to compel a bankrupt's wife to turn over money to the trustee, the evidence made a question of fact as to the ownership of money at one time on deposit in the wife's name, the Circuit Court of Appeals would not be justified in overruling the finding of the District Judge after seeing and hearing the witnesses.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ☞446.]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of Clarence E. Hopkins, bankrupt. On petition by Anna S. Hopkins, the wife of the bankrupt, to revise an order directing her to pay over to the trustees or to the clerk of the court the sum of $1,680.80. Affirmed.

Charles J. Ryan, of Brooklyn, N. Y., for petitioner.
Winifred Sullivan, of New York City, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. Clarence E. Hopkins was adjudicated a bankrupt July 25, 1914, and on August 17th, Lawrence Hull was appointed trustee. The bankrupt was engaged in the furniture, storage and moving business in Brooklyn and in December, 1913, he incorporated the business under the name of the Fifty-Second Street Storage House, which corporation was owned and controlled by him. The trustee commenced an action in the state court to recover the property and obtained an injunction restraining the corporation from disposing of it. Upon the trial of this action final judgment was rendered January 18, 1915, declaring the transfer to the corporation fraudulent and void, and the property was taken over by the trustee.

[1] An examination before the referee disclosed the following facts: On October 17, 1914, Anna S. Hopkins, the wife of the bankrupt, opened an account with the People's Trust Company and deposited $1,205.80. She also deposited thereafter as follows: On November 6, $175, on November 16, $100, and on November 20, $200. On December 4, 1914, the total amount then on deposit, $1,680.80, was withdrawn. On the following day Mrs. Hopkins opened an account with the Montauk Bank by making a deposit of $1,600 which was checked out from time to time and on February 23, 1915, the account was finally closed by the withdrawal of the balance, $711.08. The trustee contends that the entire amount deposited in the Montauk Bank belonged to the bankrupt and should go to his creditors. The petitioner contends that the money belonged to her. She testified that the largest part thereof, $1,500, was borrowed from Mary T. Ward who received her note therefor, payable in February, 1914, with interest, at the rate of 6 per cent. She says she spent the money for house-

hold expenses and in February, 1914, purchased two vans and horses which were to be used in her husband's business. Regarding the purchase of the vans she is corroborated by William R. Wood who testified that he sold four horses and two vans to her for $975 and was paid by a check for $425 and the balance in cash.

Alexander C. Nicholson testified that he is the brother of Mary T. Ward who lives at Rupert, Idaho, but was in Brooklyn in February, 1914, when she loaned Mrs. Hopkins the $1,500 in question. He swore that he drew the note, that it was left with him and was still in his possession. The note was produced and marked in evidence.

It is apparent from the foregoing epitome of the evidence that the question whether or not the money which the bankrupt was directed to turn over to the trustee, by virtue of the order dated August 2, 1915, belongs to the estate or to the wife of the bankrupt, is a question of fact.

[2] The principal argument in the petitioner's brief is in support of the proposition that the question here should be decided in a plenary suit and not upon a summary order. To sustain this proposition Louisville Trust Co. v. Comingor, 184 U. S. 25, 22 Sup. Ct. 293, 46 L. Ed. 413, and five other authorities are cited. From these the learned counsel for the petitioner draws the following conclusion:

"It is within the undeniable power of the bankruptcy court to assert and exercise a summary power over the property of the bankrupt and even against third persons holding such alleged property and claiming title, provided such claim is merely colorable and fraudulent but inasmuch as such proceeding deprives a person of the usual due process of the law, the summary order directing its surrender should be based upon facts which no fair mind can dispute."

This statement is correct, so far as it goes, but the authorities cited have no application to a case where the party who questions the summary proceeding has been given an opportunity to object and fails so to do.

The question was presented to the trustee whether he would proceed summarily or by a plenary suit and he elected the former without objection by the bankrupt, his wife or any one else. Having proceeded without objection we think it is too late now to present a question which is addressed solely to the form of the proceeding. If the objection had been made at the time the trustee was required to elect, it is quite possible that the petitioner's contention would have been sustained, but she, apparently, acquiesced in the summary proceeding as the most satisfactory way of disposing of the question and we are of the opinion that it is too late to present the question on this review by an appellate court.

[3] The question as to who was the owner of the $1,680.80 was one of fact and was decided by the District Judge after seeing and hearing the witnesses. We think that in such circumstances this court would not be justified in overruling his findings.

The order is affirmed with costs.