## In re ARONSON.
### No. 48817.

District Court, D. Massachusetts.

Nov. 23, 1934.

■■■■■■■■■■■■

Arthur J. Gross, of Boston, Mass., for trustee.

Abraham S. Guterman, of Boston, Mass., for bankrupt.

McLELLAN, District Judge.

Upon the facts stated in the record of this case, I see no valid reason for saying that the referee in bankruptcy was not entirely right in dismissing the petition by the trustee in bankruptcy for a turnover order.

A more difficult question arises in connection with the referee's order to the trustee and his counsel "to put a stop to certain State Court proceedings" which had been instituted by the trustee against the bankrupt and others.

■ But, for the intimation of some of the courts to the contrary, I should have supposed that General Order in Bankruptcy No. 12, par. 3, 11 USCA § 53, is not closely related to the present issue. This order provides that applications for an injunction to stay proceedings of a court or officer of the United States or of a state shall be heard and decided by the judge. The referee's order was not directed to the court, but to the plaintiff and his counsel, neither of whom was, within the meaning of the General Order, an officer of the United States or of a state. Numerous cases have distinguished between the power to enjoin the parties to proceedings in court and the power to enjoin the court itself. The General Order restricts, though it does not take away, the right, if any, of a referee to issue an injunction.

It would seem that the real question is whether a referee in bankruptcy, aside from the above General Order, is without jurisdiction to enjoin a trustee in bankruptcy from further prosecution of a case instituted by him. There is authority in favor of the general power of a referee in bankruptcy to enjoin parties from conducting legal proceedings in court, and there are authorities contra. The cases are cited in the notes under General Order in Bankruptcy, No. 12 (11 USCA § 53), appearing in Brown's Guide, Federal & Bankruptcy Practice. While perhaps this question cannot be regarded as finally settled in all the circuits, it seems to be settled in this circuit by the per curiam opinion in Gatell v. Millian (C. C. A.) 2 F. (2d) 365. I have seen a copy of the record of this case in the office of the clerk, from which it appears that the referee in bankruptcy had enjoined a plaintiff, who was proceeding in another court, from prosecuting the action against the bankrupt. This order of the referee was reversed by the District Judge. In dealing with this situation, the Circuit Court of Appeals said: "The referee in bankruptcy was without jurisdiction to restrain the prosecution of the proceeding in the District Court of Humacao, and his order to that effect was null and void, as such restraining order could only be issued by the United States District Judge."

■ It may well be, however, though the referee is without jurisdiction generally to award an injunction against parties to proceedings in court, that by reason of his relation to the bankruptcy estate he should have power to prevent a trustee in bankruptcy from wasting the assets of the estate on profitless and useless litigation. While a trustee may institute legal proceedings without first applying to the referee or judge for leave to do so, it is regarded as good practice to obtain such leave, and the referee may grant it. Remington on Bankruptcy (3rd Ed.) § 2226. Moreover, the trustee is removable by the referee (General Order in Bankruptcy No. 13 [11 USCA § 53]), and the word "court" as used in section 29 of the Bankruptcy Act, as amended May 27, 1926 (11 USCA § 52), permitting the court to order the trustee to enter his appearance and defend any pending suit against the bankrupt, and authorizing the trustee, with the approval of the court, to prosecute any suit commenced by the bankrupt prior to the adjudication, includes the referee to whom the case may have been referred. MacDonald v. Plymouth County Trust Company, 286 U. S. 263, 52 S. Ct. 505, 76 L. Ed. 1093; Remington on Bankruptcy (3rd Ed.) § 2122. I think the referee had jurisdiction to enter the order, but the practical determination of the present controversy does not depend entirely upon the referee's jurisdiction to enjoin the trustee from the prosecution of legal proceedings.

970

In McGonigle v. Foutch (C. C. A. 8th) 51 F.(2d) 455, at page 459, referring, not to the referee's power to enjoin a trustee, but only to the general question as to his power to restrain other parties to litigation, the court said: "Appellants urge that a referee in bankruptcy is without jurisdiction to restrain the prosecution of a proceeding in a state court; that such restraining order, in a proper case, can be issued only by the judge. We think this is a correct statement of the law. General Order No. XII, par. 3 (11 USCA § 53); Gatell v. Millian (C. C. A. 1) 2 F.(2d) 365. But appellants took these orders, upon petition for review, to the district judge, by whom they were affirmed, thereby becoming, in effect, his orders. The point is, therefore, without substance in this appeal. In re Benjamin (D. C.) 140 F. 320; In re Roger Brown & Co. (C. C. A. 5) 196 F. 758, 762."

There is nothing in this record to indicate that the referee did not exercise his power wisely, if he had it, and this is one of the few cases where, in the exercise of judicial discretion, the court should take the course indicated by the McGonigle Case, if, as doubted, the referee has no power to control the trustee's conduct so far as the prosecution of legal proceedings is concerned.

The referee's order dismissing the petition for a turnover order and the order directing the trustee and his counsel "to put a stop" to the legal proceedings theretofore instituted are both affirmed.