### In re BOWMAN.
### No. 1048.

District Court, S. D. California, S. D.

Feb. 17, 1938.

J. Earl Haskins and Charles Peckham, both of Los Angeles, Cal., for debtor.

Noon & Noon, of San Diego, Cal., for Martin Loperena, Gregorio Loperena, Martin J. Loperena, and Phyllis Bouton, objecting creditors.

NETERER, District Judge.

This matter is before the Court (a) on a petition to review an order of this court

denying review of an order to set aside adjudication; (b) on a petition to review an order of the Referee calling a meeting of creditors for electing, and electing a trustee, in the above entitled estate.

Foreclosure proceedings on a trust deed had been commenced and sale of the property fixed on May 24th, 1935. On May 23rd, 1935, the debtor filed with the approval of the court, a petition wherein he states "that he is unable to meet his debts as they mature, and that he desired to effect an agreement to tender a plan for extension of time to pay his debts, under Sec. 74 of the Bankruptcy Act [11 U.S.C. A. § 202]." The matter was referred to the Referee at San Diego, and the sale restrained, which order is now in force. The debtor's schedule was filed on June 4th, 1935; July 6th, 1935, he submitted his proposed plan as a basis for an extension of time. Secured creditors, in writing, filed objections thereto. After hearing before the then Referee, an order was entered July 26th, 1935, denying the application for the extension, on the ground that the requisite number of creditors did not consent to such extension, and recommended that the debtor be adjudicated bankrupt. On review this order was reversed and the matter referred for further proceedings. Many hearings were had before the Referee. A supplementary proposal was filed by the debtor on Aug. 8, 1936; on Aug. 19, 1936, the Referee certified to the court that the proposal did not provide an equitable and feasible method for secured creditors, and it is not for the best interests of all the creditors, and recommended the debtor be adjudicated bankrupt, and adjudication accordingly followed. A petition to review was filed Oct. 16, 1936, and the matter was referred to the Referee for further proceedings. Thereafter, a hearing was had at which all interested parties appeared in person and by attorney.

The third supplemental proposed plan was filed Dec. 11, 1936. On Dec. 16th, 1936, the Referee by order, required the debtor to pay to the secured creditors, the sum of $100 per month; $50 per month to the Brunswick Drug Co.; $10 per month to the Malone estate; also that current taxes and assessments upon Market street property (property under trust deed) and some payments on delinquent taxes be paid, and further hearing was continued to March 15, 1937. The said payments were made except payment of the taxes.

On March 15th, the order was continued until May 20, 1937, and further continuance thereof granted to June 11, 1937. On June 11, 1937, the debtor filed a further supplementary proposed plan, in which two alternative plans were proposed; the third plan duplicated the first plan, except the proposed payment of taxes was changed. The second plan was to pay taxes in full by Jan. 1st, 1938, by the payment of $140 monthly, and the payment of $1000 on the indebtedness either in cash or credit before Jan. 1, 1938. The Referee certified that he has income as follows:

Net receipts from business "based upon figures for period January-November 1936, inclusive," $154.61 claimed; rental value of living quarters at 16th and Market streets, per annum $900.00; total $1054.61.

The debtor proposes to pay the following sums:

"Loperena obligations per annum $1320.-00; current taxes on Loperena property $222.76; 1-10 of delinquent taxes per annum, $78.09, total $1620.85."

Upon argument for rehearing it is shown that taxes upon this Drug store property, lots 7, and 8, block 2, are as follows:

"City-light assessments $471.87; taxes for 1937, $397.57; taxes delinquent $1107.-64; total $1977.08. The conceded amount due on the objecting creditors claims, now is principle $11,750.00.

"Interest 1/1/34 to 1/1/38, 4 years, at $822.50, $3290.00.

"Interest from 1/1/38 to 2/1/38, at $68.54; total $17,085.62."

To this indebtedness, six $110 payments on order of Referee Dec. 16, 1936, $660 should be credited, leaving a balance due, Feb. 1, 1938, $16,425.62.

It also appears that this property was sold June 29, 1934, for the delinquent taxes for 1933, and period of redemption is about to expire.

The Drug store property is valued by the Referee, at $10,500, the indebtedness against this property is $16,425.62. There is other indebtedness of approximately $9,100.

It is obvious that the proposed plan is not pursued in good faith. The property has not been redeemed from the sale

for the 1933 taxes. No interest has been paid on any of the indebtedness since Jan. 1st, 1934. The debtor has been, and is now, in possession of all of the property. He has collected $900 per annum rentals from the property other than the store room he occupied. This money belongs to the bankrupt estate and should have been applied to protect the estate. This money in any event, must be accounted for to the estate, by whomsoever received, except such sums as were necessarily expended for the benefit of the estate; and be distributed to the trustee for creditors, or to the general creditors as right may appear. The debtor in his petition for review of the first order herein states no consideration was given to a $1,000 disputed credit claim; nor is the property given a fair market value. In this the debtor is in error. It is clearly shown that the Referee found that no $1,000 payment was made on the Loperena et al. trust deed claim; and if $1,000 was made, it was made on another claim and credited. The claim now made is an afterthought. If payment had been made it would have been asserted when foreclosure of the trust deed was initiated, instead of filing the petition for extension of time for payment under section 74 supra. Nor does the action commenced in July 1937, having relation to this claim, and no process issued thereon until January 1938, stay this proceeding. The claim of payment may be litigated in this proceeding. The debtor having not applied any of this money collected from the rentals to payment of taxes or interest; and having failed to pay the taxes as per his proposal, or comply with all of the conditions thereof; and not providing for depreciation of the structure in suit is clearly not in a position to invite the aid of a court of conscience. It is also obvious that the aggregate of the debtor's property at a fair valuation is not nearly sufficient in amount to pay his debts.

A bankruptcy court is in a strict sense a court of equity and looks through all matters of form to the underlying essential substance, guided by equitable principles, except as otherwise provided by law. Harris v. M. F. Shafer & Co., 8 Cir., 10 F.2d 351; In re De Ran, 6 Cir., 260 F. 732; In re Young, 4 Cir., 294 F. 1; Searle v. Mechanics' Loan & Trust Co., 9 Cir., 249 F. 942. Equity in the process of development has assumed the qualities of a composite system. Expansive rather than abstract in the settled rules by which rights are measured and process invoked —not always defined. Equity does not create new rights, but affords a remedy for existing rights. The entrance to the portal of equity is not branded, labeled or limited, nor is equity or its process static. A court of equity may contrive new remedies, the remedies at law being inadequate. Joy v. St. Louis, 138 U.S. 1, 11 S.Ct. 243, 34 L.Ed. 843; Berdie et al. v. Kurtz et al., 9 Cir., 88 F.2d 158. The motion for rehearing is denied.

(b) Upon entering the order denying petition for rehearing, the Referee called a meeting of creditors for Nov. 16, 1937, to elect a trustee. On the 15th of Nov. the petition for rehearing herein denied, was filed. The creditors met at the office of the Referee pursuant to notice on Nov. 16th, and elected a trustee. The debtor seeks a review of the order calling the meeting of creditors claiming that the Referee had no jurisdiction; that upon filing the petition for rehearing, with the permission of a Judge of this court stayed all proceedings. A number of cases are cited but all of the cases are beside the point. The cases cited are where relations between different courts obtained as where a case had been removed to the Circuit Court of Appeals and then pending, the district court, then may not entertain any further proceedings with the case.

The Referee is not a bankruptcy court. All Judges of the Judicial district constitute the bankruptcy court, In re Steele, D.C., 161 F. 886; either one of the Judges of the district, where there are more than one, may function. There are no separate terms in bankruptcy court. In re Burr Mfg. & Supply Co., 2 Cir., 217 F. 16; In re Barker Piano Co., 2 Cir., 233 F. 522. The bankruptcy court is always open. Hume v. Myers, 4 Cir., 242 F. 827. The Referee is an officer of the bankruptcy court, but is not a separate court, and has Judicial power; McDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093; he has such powers as are given by the order of reference and under general orders XII. Weidhorn v. Levy, 253 U.S. 268, 40 S. Ct. 534, 64 L.Ed. 898. It is therefore seen that the contention of the petitioner is mythical. It is further contended that the motion for rehearing having been filed with permission of a Judge,

stayed all proceedings under the order sought to be reviewed and that the Referee had no jurisdiction to proceed after the filing of such petition. Since under Sec. 840, Title 28 U.S.C.A., all proceedings were stayed. This position is untenable. "* * * execution may, on motion of, either party, at the discretion of the court, and on such conditions for the security of the adverse party, as it may judge proper, be stayed * * *" that is the full meaning of this section; the purpose of the stay is then provided for (a) to give time to file a motion for a new trial, etc., (b) if the motion for a new trial is filed, the stay previously given, shall be *further stayed* until the next session of the court. The phrase *further stayed* clearly is predicated on the prior stay for which security has been given. If such is not the meaning, then all the section is surplusage except, *if a petition is presented and allowed to be filed by the Judge,* the judgment shall be stayed. In the instant case the petition for a rehearing did *pray* a *stay* of the order, but the stay was not granted. The stay order is not a matter of right, but is purely discretionary with the court and intended only for the purpose of holding the rights of the parties in statu quo, pending the steps for a new trial or appeal, as they might be advised. Lineker v. Dillon, D.C., 275 F. 460. Sec. 840, Title 28 U.S.C.A.

The petition for review is denied.