### In re LORING.
### No. 62254.

District Court, D. Massachusetts.

Dec. 26, 1939.

Joseph H. Rosenshine, of Boston, Mass., for trustee.

Benjamin Levin, of Boston, Mass., for Dutchland Farms, Inc.

BREWSTER, District Judge.

This certificate on review brings in question an order of the referee in summary proceedings whereby the Dutchland Farms, Inc., was ordered to pay to the trustee in bankruptcy $658.57 with interest.

The facts, as found by the referee and as stipulated at the hearing before me, are

that the bankrupt owned and operated an ice cream stand and had done business with Dutchland Farms, Inc., for some years prior to 1938, and had become indebted to it for ice cream to the extent of $634.15. Dutchland, becoming concerned over the account, suggested to the bankrupt that he might arrange to buy his ice cream from the Bushway-Whiting Ice Cream Co. As a result of negotiations, an arrangement was reached whereby the Bushway-Whiting Co. agreed to pay off the bankrupt's indebtedness to Dutchland and to also purchase of that corporation certain equipment belonging to it which was on the premises of the bankrupt. An agreement was reached about March 24, 1938, and in accordance with the understanding of the parties, on May 10, 1938, the bankrupt gave his note, payable to the Bushway-Whiting Co., for $707.08; and on the same day executed a chattel mortgage on his property to secure this note. The mortgage was subsequently declared invalid by reason of the failure of the mortgagee to comply with the Massachusetts statutes governing the recording of mortgages of personal property. The amount of the note ($707.-08) included the indebtedness to Dutchland of $634.15 and $24.42, the price paid for the equipment purchased from Dutchland, and $48.51 which the bankrupt owed Bushway-Whiting Co. for ice cream which that Company had furnished the bankrupt.

On June 15, 1938, bankrupt filed a voluntary petition in bankruptcy and on the same day was adjudicated a bankrupt. On June 17, 1938, the Bushway-Whiting Co. sent its check to Dutchland for $658.57, which covered the bankrupt's indebtedness to Dutchland and the purchase price of the equipment.

■ Dutchland duly filed its petition for review but, due to inadvertence, failed to serve a copy of it upon the adverse party until nineteen days after it was filed. The referee, in a supplementary certificate, found that the trustee had not been prejudiced by the delay. Section 39, sub. c, of the Chandler Act, 11 U.S.C.A. § 67, sub. c, which provides for service of a copy of the petition for review, is new. These proceedings were instituted before the Chandler Act became effective. If section 39, sub. c, is to be interpreted as meaning that service of a copy as well as the filing of the petition shall be made within ten days after the entry of the order of the referee, then there was not a literal compliance with the statute. If, on the other hand, the aggrieved party is to be given a reasonable time after filing its petition within which to serve a copy upon the adverse party, I would find that the statute was complied with.

Assuming, for the purposes of the case, that the statute was not strictly complied with, I find nothing in the Chandler Act which would require the court to deny to the aggrieved party his right to review, if the court found that the delay was excusable, as appears to be the case here.

■ It is suggested, in the trustee's brief, that question may be raised as to the jurisdiction of the referee to order in summary proceeding the payment to the trustee of an alleged preference. The record is barren of any intimation that Dutchland objected to the proceedings before the referee, and it is now too late to raise that question of jurisdiction. MacDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093. I, therefore, go to the merits of the controversy and consider the question whether Dutchland received a voidable preference as a result of the transaction.

■ It is well settled that, in order to constitute a preference, the bankrupt must dispose of property for the benefit of a creditor in such a way that the estate of the debtor, which would otherwise be available to meet the claims of all creditors, is diminished. Western Tie & Timber Co., v. Brown, 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571; National Bank of Newport, N. Y. v. National Herkimer County Bank of Little Falls, 225 U.S. 178, 32 S.Ct. 633, 56 L.Ed. 1042; New York County National Bank v. Massey, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380; Bielaski v. National City Bank of N. Y., 2 Cir., 68 F.2d 723; Grubb v. General Contract Purchase Corp., 2 Cir., 94 F.2d 70; Crosby v. Sproul, D.C., 17 F.2d 325, affirmed, 1 Cir., 22 F.2d 611.

■ Inasmuch as the chattel mortgage is void as to the trustee, the situation presented by the facts above recited is that the bankrupt, shortly before bankruptcy, gave his note to the Bushway-Whiting Ice Cream Co., the main consideration for which was the Bushway-Whiting Company's agreement to take over the indebtedness of Dutchland. The payment to Dutchland was made in compliance with that agreement. The bankrupt never had possession of the proceeds of the note, and

the payment did not result in any diminution of the bankrupt's estate.

The cases above cited are sufficient authority for the proposition that such a transaction does not constitute a voidable preference. If the mortgage had been upheld as a valid prior lien upon the assets of the bankrupt, a different conclusion might follow and, it should be added, in justice to the referee, that at the hearing before him the validity of the mortgage was not then questioned. The fact of its invalidity was stipulated at the hearing on review.

The case of Grubb v. General Contract Purchase Corp., supra, is in point. In that case the bankrupt, being pressed by the defendant, one of its creditors, arranged to meet its obligation to this creditor by three transactions which were attacked by the trustee as voidable preferences. In one instance, $25,000 was borrowed by discounting bankrupt's note at a trust company, the proceeds of which were placed to the bankrupt's credit in the trust company; a check for the same amount was drawn to the trust company in exchange for a cashier's check payable to the order of the defendant. This check was delivered to the defendant in exchange for collateral which it held as security for bankrupt's obligation. The defendant contended that in this case no money was ever in the bankrupt's control or a part of its assets and that the transaction was, therefore, no more than a substitution of one creditor for another without loss to the estate. The Court upheld this contention, notwithstanding the fact that the trust company credited the proceeds of the note to bankrupt's account. The Court observed that it was entirely plain that the trust company did not intend to let the bankrupt have any control over the credit before it got the collateral.

The second transaction considered by the court in that case involved the borrowing of money from a third party to satisfy bankrupt's indebtedness to the defendant, and it is significant to note that, in dealing with this transaction, the court said: "Nor was Cline's promise to lend the money to the bankrupt an asset of the estate, even though it created an obligation." It is my opinion that the case of Grubb v. General Contract Purchasing Corp., supra, was correctly decided.

I have reached the conclusion, therefore, that the transaction between the bankrupt and Dutchland Farms, Inc., and Bushway-Whiting Ice Cream Co. amounted to no more than the substitution of one creditor for another without diminution of the assets of the bankrupt available for distribution among his creditors. The money paid to Dutchland Farms, Inc., never became a part of the bankrupt's assets or within his control. The payment did not amount to a preference voidable by the trustee. The referee's order was erroneous and it is, therefore, vacated, and the trustee's petition is dismissed.