**MOONBLATT v. KOSMIN.**
No. 8227.

Circuit Court of Appeals, Third Circuit.
Argued March 17, 1943.
Decided Dec. 6, 1943.

Joseph Joffe, of New York City (Albert M. Hankin, of Philadelphia, Pa., on the brief), for appellant.

Hirsh W. Stalberg, of Philadelphia, Pa., for appellee.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The appellee, Bertha Kosmin, is the wife of Ben Kosmin, who was adjudicated a bankrupt on January 6, 1941, upon an involuntary petition filed against him on October 17, 1940. Prior to bankruptcy Ben Kosmin owned and operated fruit and fish concessions in a number of stores. During 1936 he operated these concessions through a corporation known as Bennie's, Inc. The books of Bennie's, Inc., show that Bertha Kosmin received a salary of $5,000 a year, though the nature of the services, if any, performed by her for the corporation is not clear. In 1937 the appellee had a bank account. The money in this account came to her from gifts or allowances which her husband made to her. From time to time she drew money from this account and gave it to her husband or to his business. The appellee contends that her husband owed her $11,621.99 by reason of sums thus advanced prior to the happening of the events of which the trustee complains.

These events include the following. On December 2, 1939 Ben Kosmin sold his assets in the stores to Tiger Foods Corporation, Inc. for the sum of $9,600, payable in the stock of that corporation. Ben Kosmin asserts that he gave this stock to the appellee in partial payment of the advances referred to in the preceding paragraph. The appellee asserts that she sold the stock to the president of Tiger Foods Corporation for $9,600 in April 1940 and that the stock and the money belonged to her.

In the latter part of 1940[1] the bankrupt gave his wife an automobile which was carried on the books of the bankrupt at a value of $1,005.37. The appellee asserts that the assignment of the automobile to her was in further reduction of her advanc-

es. At some later date the bankrupt also sold a Mack truck. The trustee alleges that the bankrupt turned over the proceeds of this sale to the appellee. The referee found otherwise and this question also was before the District Court on the trustee's petition for review. For the reasons which will appear hereafter, any question relating to the disposition of the funds received from the sale of the truck (like any question relating to the disposition of the automobile) is not before us on this appeal.

On June 3, 1941 the trustee filed a petition with the referee to whom the case stood referred, asserting that the appellee was paid $7,998.65 for the stock of Tiger Foods and that this sum was part of the bankrupt's estate which Bertha Kosmin was concealing from the trustee holding it "without color of title and without any adverse claim thereto". In short, he claimed that the transfer of the stock by the bankrupt was fraudulent within the purview of Section 67, sub. d(2), of the Bankruptcy Act, as amended, 11 U.S.C.A. § 107, sub. d(2). The referee issued a rule against the appellee directing her to show cause why she should not be compelled to turn this money over to the trustee. The appellee filed an answer to the petition by an attorney who was also the attorney for the bankrupt. In her answer she asserted the shares of stock were given to her for a valuable consideration and that the sums sought to be recovered by the trustee were her money. She alleged also that the money was not the property of the bankrupt's estate. She prayed that the rule to show cause be dismissed. The original petition for a turnover order did not embrace any matters relating to the bankrupt's disposition of the automobile.

On September 9, 1941, the day set for hearing, the appellee appeared by her attorney. Hearings were had, and shortly before October 20, 1941 the trustee had completed his evidence on the issues presented. The trustee stated that he desired to amend his petition and would seek an order compelling the appellee to turn over to him any consideration which she had received from the assignment of the automobile.

On October 20, 1941, another attorney appeared specially for the appellee and asserted orally that the referee was with-

---

[1] The exact date is far from clear. The automobile subsequently was traded in by the appellee for a new car, a portion of the purchase price of the new car being paid by Mrs. Kosmin in cash.

out jurisdiction to proceed to dispose of the issues presented by the petition filed because the appellee's interest was adverse to that of the bankrupt. The appellee's former counsel withdrew. The appellee then filed another and additional answer to the original petition for turnover and asserted that the referee was without jurisdiction. The trustee moved to strike out the appellee's additional answer because it was not presented until all of the trustee's testimony had been taken and was not filed in conformity with Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The referee, reserving determination of the jurisdictional question, proceeded with the hearings. The appellee, however, offered evidence only for the purpose of showing that her claim to the money was not unsubstantial or merely colorable.

The referee held that since the appellee had filed an answer and had made no objection to jurisdiction until the trustee had rested his case she had waived her right to a plenary proceeding. He held also that since the appellee's claim to the money from the stock was colorable and unsubstantial he possessed the authority to determine her rights in a summary proceeding. He ordered her to turn over the funds remaining in her bank account from the sale of the stock and a sum of money representing her equity in the automobile. The appellee filed a certificate of review to the District Court. That tribunal held that the appellee did not consent to the summary jurisdiction of the referee and had not waived her right to object to the proceeding because she had raised the question of jurisdiction prior to the time that any order was made by the referee, citing Louisville Trust Company v. Comingor, 184 U.S. 18, 22 S.Ct. 293, 46 L.Ed. 413. The District Judge held also that the question of the appellee's right to the money depended upon disputed facts as to which there was a conflict of evidence; that this question involved fair doubt and reasonable room for controversy within the ruling of Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897. The District Court reversed the order of the referee. The trustee has appealed.

▪ The Federal Rules of Civil Procedure apply to bankruptcy cases by virtue of General Order No. 37, 11 U.S.C.A. following section 53. General Order No. 37 was in effect on February 13, 1939. It provides that in proceedings under the Bankruptcy Act the Rules of Civil Procedure for the District Courts of the United States shall be followed insofar as their provisions are not inconsistent with those of the Bankruptcy Act or of the General Orders. Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723(c), provides as to "Waiver of Defenses" as follows: "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, * * *." We can perceive no inconsistency between the provisions of Rule 12(h) and those of the Bankruptcy Act or the General Orders in Bankruptcy.

▪ It is well established that a court of bankruptcy may proceed by way of a summary proceeding to determine the rights of parties who subject themselves to its jurisdiction. In MacDonald v. Plymouth Trust Company, 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093, the trustee in bankruptcy filed a petition with the referee to set aside certain transfers of property of the bankrupt to the trust company as voidable preferences. The trust company appeared in the proceeding, denied the material allegations of the petition and consented in open court that the trial of the issues proceed before the referee. The referee granted the relief prayed for in part. The District Court affirmed his order though modifying it. The Circuit Court of Appeals reversed, holding that the issues before the referee might be determined only in a plenary suit. The Supreme Court reversed holding that the privilege of claiming the benefits of a plenary suit could be waived by consent and that a summary proceeding could be substituted therefor. See also Harrison v. Chamberlin, supra, 271 U.S. at page 193, 46 S.Ct. 467, 70 L.Ed. 897; and Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

We must determine whether the appellee's failure to raise the issue of jurisdiction in her original answer to the trustee's first petition was a waiver of her rights to object to the referee's jurisdiction, and if so, whether this may be considered as the equivalent of consent to have her rights determined in the summary proceeding. The appellee in response to the rule to show cause answered that the money " * * * was at all times her property and not the

property of the bankrupt estate." She prayed that " * * * the order granted to *your petitioner*[2] requiring Bertha Kosmin to show cause why she should not turn over and surrender to the trustee the sum of $7,998.65 be dismissed". At the beginning of the hearings before the referee the appellee's counsel stated in response to a statement made by the attorney for the trustee: "My contention, Mr. Referee, is that the money was not fraudulently transferred to her, but was paid to her for her stock in payment of a loan due her from Ben Kosmin & Son and this stock was held in her name as payment on account of the loan. It was her stock at all times. The money she received from the stock was her money and not the money of the bankrupt." The interest asserted by the appellee was adverse as is shown both in her answer and in her attorney's opening statement, but she asserted no objection to the referee's summary jurisdiction. She must therefore be deemed to have waived her right to make such an objection.

■ Can the waiver be treated as the equivalent of a consent? Since Rule 12(h) is applicable to bankruptcy proceedings the pleading in such proceedings must be carried on in the light of the rule. Since the appellee was charged with knowledge that if she did not assert her objection to the referee's summary jurisdiction seasonably that objection, under the cited rule, would not be available to her at a later stage of the proceeding, we conclude that her failure to assert the objection must be considered as the equivalent of consent to trial in the forum in which the suit was brought. We hold, therefore, that insofar as the money received from the appellee from the sale of the stock is concerned, she must be deemed to have consented to have her rights adjudicated in the summary proceeding before the referee.

■ The appellee's rights to the equity in the automobile may not be disposed of in the summary proceeding. The appellee promptly asserted her objection to the summary proceeding before the referee as soon as the trustee filed his amended petition seeking to compel her to turn over to him the equity[3] in the automobile. The appellee's claim to the automobile may not be considered as unsubstantial or merely colorable. The claimant's contention based on her alleged loans to her husband in the language of Harrison v. Chamberlin, supra, 271 U.S. at page 195, 46 S.Ct. at page 469, 70 L.Ed. 897, "discloses a contested matter of right, involving some fair doubt and reasonable room for controversy." It follows that the trustee must proceed to make his claim in respect to the automobile in a plenary proceeding.

■ We may not decide whether the referee's order in respect to the money received by the appellee from the sale of the Tiger Foods Corporation stock was a proper one. General Order No. 47 requires the District Judge to adopt the master's report, to modify it, or supplement it or reject it. Implicit in the General Order is the requirement that the District Judge pass upon the referee's findings of fact, adopt or modify them, or, if necessary, make findings of his own. This court does not possess these powers.

The judgment of the court below is reversed insofar as it denies the jurisdiction of the bankruptcy court to adjudicate the rights of the trustee and the appellee to the money secured from the sale of the stock. It is affirmed insofar as it denies the jurisdiction of the bankruptcy court to adjudicate rights of the trustee and the appellee in the equity of the automobile and in the proceeds from the sale of the truck.

The cause is remanded with directions to the District Court to proceed in accordance with this opinion.

[2] Emphasis ours. Obviously the pleader meant to refer to the trustee in bankruptcy when he used the phrase which we have italicized.

[3] We do not decide whether the referee's turnover order in respect to the appellee's *equity* in the automobile (a car paid for in part by turning in the automobile which the bankrupt transferred to her) was in proper form.