**In re LANCASTER RESIDENTIAL INVESTORS, (a Limited Partnership) (Hempfield Investors—Bankruptcy No. 78–1538WK consolidated with this Case), Debtor.**

**LANCASTER RESIDENTIAL INVESTORS, Plaintiff,**

**v.**

**NORTH AMERICAN LIFE ASSURANCE COMPANY, Defendant.**

**Bankruptcy No. 78–1537WK.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Jan. 8, 1980.

Reconsideration Denied Jan. 21, 1980.

Melvin Lashner, Law Offices of Adelman & Lavine, Philadelphia, Pa., for debtor/plaintiff.

Michele Langer, Toll & Ebby, Philadelphia, Pa., for defendant.

Michael L. Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for State Mut. Life Assur. Co. of America.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

In this adversary proceeding, the debtor-in-possession, Lancaster Residential Investors (Lancaster), seeks to use insurance proceeds from a fire loss to repair its damaged property.

Briefly summarized, the facts are as follows:

Lancaster and Hempfield Investors jointly own an apartment complex located in Lancaster County, Pennsylvania, comprising 364 units and known as Covered Bridge Apartments. On October 17, 1978, Hempfield and Lancaster each filed petitions for arrangements under Chapter XII. Upon application of the Debtors, the proceedings were consolidated under the name of Lancaster Residential Investors and Lancaster was permitted to remain in possession of its realty.

On or about January 21, 1979, a fire occurred in the section of the apartments encumbered by a first mortgage held by North American Life Assurance Company ("NALACO"). The apartments were insured against fire and other hazards under a policy which NALACO alleges includes a standard mortgagee clause in its favor. The fire loss was settled with the insurer for $85,000. NALACO approved the settlement, but has refused to release to Lancaster the proceeds to repair the fire damage to the apartment complex, contending that its mortgage provides that it may apply the fire insurance proceeds to reduce its loan when the mortgage is in default.

The following opinion constitutes findings of fact and conclusions of law in accordance with Rule 752(a), Rules of Bankruptcy Procedure.

NALACO questions the jurisdiction of this court to order the disposition of the proceeds since the proceeds are not part of the Debtor's estate.

Although the Debtor-In-Possession, Lancaster, is also the insured party under the fire insurance policy, the proceeds are not currently in its possession. Facing us is a novel question concerning this court's summary jurisdiction[1] in a Chapter XII proceeding with respect to the proceeds not in the debtor's actual or constructive possession but to which allegedly he is entitled.

■ It is well settled that a bankruptcy court has the power to adjudicate summary rights and claims to property which is in the actual or constructive possession of the court or of the bankrupt at the time of filing. *Cline v. Kaplan,* 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944). Where possession of the property is lacking, the court may summarily adjudicate a controversy over property held adversely to the debtor's estate with the consent of the party in possession. *In re American National Trust,* 426 F.2d 1059 (7th Cir. 1970). NALACO has formally objected to the court's jurisdiction in its answer and has not consented to this court's power and authority to hear this matter.

■ These basic principles of summary jurisdiction apply with equal vigor to proceedings under Chapter XII. Here the court likewise has summary jurisdiction over property in the debtor's possession or because of consent. However, there is speculation among both courts and commentators that at least some expansion of the substantive jurisdiction of the bankruptcy court results under Chapter XII. *In re Roloff,* 598 F.2d 783, 786 n. 9 (3rd Cir.

---

1. Basically, summary proceedings are expedited and simplified judicial proceedings before the bankruptcy judge over matters relating to the administration of the bankrupt's estate and property in the court's possession. If such jurisdiction does not exist and an adverse party is unwilling to consent to summary jurisdiction, then the claimant must initiate more formalized plenary proceedings in the appropriate state or federal court. *In re Eastern Freight Ways, Inc.,* 577 F.2d 175 (2d Cir. 1978).

1979); *In re Cedar Bayou,* 456 F.Supp. 278 (W.D.Pa.1978). Much of the debate centers on the question of whether title to real estate as distinct from possession is sufficient to vest the bankruptcy court with summary jurisdiction. *In re Roloff,* supra; *See generally In re Pittsburgh Penguins,* 598 F.2d 1299 (3rd Cir. 1979). The proceeds which concern us here, although not real estate, are incident to and arise from the realty and as such are suitable for preliminary consideration.

By virtue of Section 411, 11 U.S.C. § 811 which states:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located."

the court's expanded summary jurisdiction extends to controversies with respect to property, that is in the possession of a third party if title to that property is in the debtor and there is no substantial adverse claim to that property. *See* 9 Collier on Bankruptcy § 411, 3.01[2] (14th ed. 1978). *See also, In re Wiltse Bros. Corp.,* 357 F.2d 190 (6th Cir. 1966); *In re Haverford Place Associates,* 1 B.R. 451 (E.D.Pa. December 11, 1979).

The case at bar does not fall within this scope of expanded jurisdiction for a number of reasons and will be dismissed.

A determination of who holds title to these proceeds is, based on the paucity of the present record, unusually difficult. Neither party has adequately established a clear factual record. The parties, at a hearing on the Complaint held on October 2, 1979, have admitted that "North American Life Assurance Company [NALACO] has refused to release the funds from the approved settlement on the basis that its mortgage provides that the defendant, North American Life Assurance Company, may apply the fire insurance proceeds to reduce its loan when the mortgage is in default."

■ Such a clause is commonly called a standard mortgagee clause and creates a separate, distinct and independent contract of insurance in favor of the mortgagee. *St. Louis Fire & Marine Insurance Co. v. Witney,* 96 F.Supp. 555 (M.D.Pa.1951); *Satchell v. Insurance Placement Facility of Pennsylvania,* 241 Pa.Super. 287, 361 A.2d 375 (1976). The contract created between insurer and mortgagee serves to insure the mortgagee's security for its debt. *Taylor v. Seckinger,* 199 Pa.Super. 262, 184 A.2d 317 (1962). Although this clause was never placed into evidence, its existence would seem to place title to the proceeds in the mortgagee at least to the amount of the mortgage default.

■ The determination of who holds legal title to the proceeds is not vital to the issue at hand and the question itself appears moot. The standard to be applied was stated in *United States v. Wilshire Apartments, Inc.,* 590 F.2d 876 (10th Cir. 1979) citing to *Cline v. Kaplan,* supra, 323 U.S. at 98, 65 S.Ct. 155:

If the property is not in the court's possession and a third party asserts a bona fide claim adverse to the receiver or trustee in bankruptcy, he has the right to have the merits of his claim adjudicated "in suits of the ordinary character, with the rights and remedies incident thereto" *Galbraith v. Vallely,* 256 U.S. 46, 50, 41 S.Ct. 415, 416, 65 L.Ed. 823 (1921); *Taubel—Scott—Kitzmiller Co. v. Fox,* 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 (1924)

. . .

Once it is established that the [adverse] claim is not colorable nor frivolous, the claimant has the right to have the merits of his claim passed on in a plenary suit and not summarily. Of such a claim the bankruptcy court cannot retain further jurisdiction unless the claimant consents to its adjudication in the bankruptcy court. *MacDonald v. Plymouth County Trust Co.,* 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093.

590 F.2d at 879, 880

It is clear that the claim of NALACO is not colorable nor frivolous thus depriving this court of jurisdiction to decide this matter.

■ Accordingly, because neither the debtor, nor the court, is currently in possession of the proceeds and because NALACO has raised an objection to jurisdiction and possesses a substantial claim to the proceeds, this court lacks jurisdiction and the complaint of Lancaster Residential Investors is dismissed.

MEMORANDUM OPINION

On Motion for Reconsideration

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the court is a Motion for Reconsideration of the January 8, 1980 Order which dismissed the Complaint of the Debtor, Lancaster Residential Investors ("Lancaster"), for lack of subject matter jurisdiction.

Lancaster filed a Complaint against North American Life Assurance Company ("NALACO") in which it prayed for the turnover of insurance proceeds from a fire loss in order to repair its damaged property.

Lancaster, in October of 1978 filed a Petition for Arrangement under Chapter XII. Approximately four (4) months after the filing, a fire consumed the apartments encumbered by the mortgage of NALACO. A policy of fire insurance covering the apartments had been issued to the debtor, and NALACO alleged that the policy included a standard mortgagee clause in its favor (and presumably naming NALACO as the loss payee). The loss was settled with the insurer with the approval of the mortgagee, NALACO, which apparently received the full proceeds of the loss, but however, NALACO refused to release the proceeds to the debtor, because the mortgage instrument permits the mortgagee to apply the proceeds to reduce a mortgage in default. [N.T. p. 3, October 2, 1979]

This court dismissed the Complaint because the proceeds were not in fact part of the Debtor's estate. Because neither the Debtor nor the court had possession of the property in question and because the adverse claimant (NALACO) objected repeatedly to jurisdiction, the court lacked the power to summarily adjudicate the issue.

In its Motion, Lancaster contends that the court had the power to adjudicate because "the acts involved occurred during pendency of the [bankruptcy] proceeding and not prior thereto." Counsel then cites Collier on Bankruptcy Chapter XI 3.02 for authority in this Chapter XII proceeding.

■ The fact that the fire occurred during the pendency of the bankruptcy proceeding is, in most instances, dispositive of the jurisdictional question. It is clear that after the petition is filed, the court has "exclusive jurisdiction of the debtor and his property, wherever located".[1]

■ Based on the present record, the fire insurance proceeds cannot be termed as property of the debtor. The proceeds at no time were in the actual possession of the debtor. Nor can it be said in the instant proceeding that there existed constructive possession; for here, due to the standard mortgagee clause, the mortgagee had the first claim to the insurance and the proceeds.

■ The law of Pennsylvania is clear that a standard mortgagee clause creates a separate and distinct contract of insurance in favor of the mortgagee. *Satchell v. Insurance Placement Facility of Pennsylvania,* 241 Pa.Super. 287, 361 A.2d 375 (1976). The clause thus creates a contract between the insurer and NALACO, the mortgagee, which serves to insure NALACO's security for its debt. See *Taylor v. Seckinger,* 199 Pa.Super. 262, 184 A.2d 317 (1962). Therefore, Lancaster had no claim or right to the proceeds, but takes subject to the claim of NALACO pursuant to its mortgagee clause.

A bankruptcy court cannot exercise jurisdiction over property not belonging to the debtor or the estate. Counsel's contention, that jurisdiction exists here because the fire occurred subsequent to filing, lacks merit. This court cannot deny its power to adjudicate controversies relating to the realty, but must refuse, in this particular factual situa-

1. Section 411, 11 U.S.C. § 811 (1978).

tion, to expand its jurisdiction to include proceeds which the debtor never possessed nor had a substantial claim to. Counsel has failed to establish jurisdiction based on either consent of the adverse claimant, overpowering equitable considerations and in fact, is doomed by the provisions of the mortgage instrument.

In order to fully comprehend the complexities of the present issue, two (2) cases merit discussion. In *In re Colonial Realty Investment Co.,* 516 F.2d 154 (1st Cir. 1975), the court approved the bankruptcy court's power to turn over to the debtor, property in the possession of a secured creditor to be used for operating expenses or administration expenses which would thereby enhance the property and would not impair the security for the mortgage debt. That case can be distinguished from the case at bar in that the debtor in possession was allowed to *regain* possession of its mortgaged property after a mortgage default. Here, it cannot be said that Lancaster is attempting to regain possession of *its* proceeds because it never possessed nor is it entitled to those proceeds which, pursuant to the mortgagee clause, vest in NALACO.

In *The Matter of Lynne Associates,* 3 BCD 1073 (S.D.N.Y.1977), a case almost directly on point, a fire damaged the debtor's premises after the filing of the Chapter XII petition. Debtor restored the premises to the original condition at its own expense and then requested the insurance proceeds which were paid to the mortgagee. The mortgagee refused to turn over the funds because its mortgage was in default. The court held 1) that Chapter XII jurisdiction existed; 2) that a debtor in possession should retain and operate its mortgaged property and; 3) that the proceeds of the policy must be considered property of the debtor in keeping with the statutory thrust.

Such an expansion of the court's statutory jurisdiction is clearly not provided for by the "statutory thrust" or by Supreme Court mandate. It is established that if property is not in the court's possession and a third party asserts a bona fide adverse claim, then that party has the right to have the merits of the claim adjudicated in suits of ordinary character. *Cline v. Kaplan,* 323 U.S. 97, 98, 65 S.Ct. 155, 156, 89 L.Ed. 97 (1944). If the adverse claim is not colorable nor frivolous, the claimant (NALACO) has the right to have the merits passed on in a plenary suit. The bankruptcy court cannot retain further jurisdiction unless the claimant consents to its adjudication in the bankruptcy court. *MacDonald v. Plymouth County Trust Co.,* 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093 (1932); *Cline v. Kaplan,* supra. Because NALACO has not consented to this court's jurisdiction and because the claim is not colorable nor frivolous, this court lacks the power to adjudicate this claim summarily.

*Lynne Associates* clearly involved overriding equitable considerations. The debtor restored the premises at its own expense while the mortgagee apparently stood idly by. To have allowed the mortgagee to retain possession of the proceeds and of the restored premises, would have violated every known concept of equity and justice. The instant case presents no such overriding concern which would justify the court's extravagant use of its statutory jurisdictional powers. Absent such considerations and based on the provisions of the mortgage instrument, this court lacks summary jurisdiction over the present proceeding.

Accordingly, the Motion for Reconsideration is denied.