416

R., supra; The Jane Anne, 2 Cir., 142 F.2d 197; Id., D.C., 51 F.Supp. 96, 1942 A.M.C. 923.

■ 5. The opinion of one expert cannot overcome the probabilities as proved by the physical facts and the testimony of actual witnesses to the incident in suit. The Richelieu, supra; The S. C. L. No. 9, supra.

■ 6. The defense of laches is not proved, no prejudice being shown and no prejudice can be inferred from the short delay in bringing the libel. Gardner v. Panama Railroad Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31. If state statutes of limitation are to be used by analogy, the statutes relating to contract rather than tort apply. Illinois Central Railroad Co. v. New Orleans Terminal Co., 143 La. 467, 78 So. 738; American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466; Transportation Equipment Co. v. Younger Bros., Inc., La.App., 34 So.2d 347; LSA–Civil Code, art. 3544.

Let an interlocutory decree be prepared in accordance with these findings.

In re BYRD.

Bankr. 22049.

United States District Court
W. D. Pennsylvania.

April 8, 1953.

P. Richard Thomas, Meadville, Pa., for trustee.

Paul E. Allen, Meadville, Pa., for Isaly Dairy Co.

GOURLEY, Chief Judge.

This is an appeal from the findings and conclusions of the referee in a bankruptcy proceeding.

Subsequent to bankruptcy Isaly filed proofs of claim against the bankrupt, and to these claims exceptions were entered by the trustee. Trustee also filed claim against Isaly. The referee denied the claims of Isaly and sustained the claim against Isaly.

Bankrupt owned and operated a bottling plant at Saegertown, Pennsylvania, for several years under the name of Saegertown Sparkling Beverage Company, and Saegertown Gingerale Company. Although there was at one time an incorporation of the business, it is not in dispute that bankrupt was the sole stockholder. Sometime in the summer of 1949, bankrupt entered into an agreement with Isaly Dairy Company of Youngstown, Ohio, a manufacturer and distributor of dairy and related products, to manufacture beverages exclusively for Isaly.

Due to financial difficulties of bankrupt, Isaly agreed to furnish bottles, cases and finance the purchase of a bottle washer in order that bankrupt could fulfill his contract with Isaly. In February of 1950, bankrupt and Isaly endeavored to firmly

fix and determine their respective financial responsibilities and obligations.

The circumstances and details of the divers business relations between bankrupt and Isaly were fully and exhaustively presented by the parties and considered by the referee.

■ The court must pass upon the referee's findings of fact, adopt or modify them, or, if necessary, make findings of its own. Moonblatt v. Kosmin, 3 Cir., 139 F.2d 412.

■ The findings of a referee in bankruptcy on oral evidence are entitled to great weight and should be accepted except for a plain mistake which would result in the defeat of justice. In re Wolf, 3 Cir., 165 F.2d 707.

■ The referee has seen and heard the witnesses and has determined their credibility, and I believe the record reflects a sound and sufficient basis to support his findings and conclusions.

An appropriate order is entered.

**ALLEN v. O'BRIEN, Warden of Massachusetts State Prison.**

**Civ. No. 53-14-F.**

United States District Court, D. Massachusetts.

April 6, 1953.

Plaintiff, pro se.

Defendant, pro se.

FORD, District Judge.

This is a petition for a writ of habeas corpus. As petitioner alleges, he filed a petition for a writ of error in the Supreme Judicial Court of Massachusetts on July 20, 1948, assigning as error that he was tried on a second-degree murder charge without benefit of counsel in violation of his rights under the Fourteenth Amendment of the Constitution.

Justice Spalding heard the case on the merits on November 10, 1948 and, after a full hearing of the facts, ordered a judgment entered against the petitioner in the Superior Court for Suffolk County affirmed.

Complete and careful findings of fact were made by Justice Spalding. The court found that the petitioner was a man of mature years who had gone to school as far as the eighth grade; that he was mentally sound and quite intelligent for one with his background and education; that he testified in his own behalf and had been informed that witnesses would be subpoenaed for him at the expense of the government. The trial court also informed him of his right to have counsel but stated to him that the state did not furnish counsel for one accused of murder in the second degree (not a capital case). Commonwealth v. Coggins, 324 Mass. 552, 87 N.E.2d 200. The petitioner filed exceptions to the affirmance of the judgment by Justice Spalding and the full bench of the Supreme Judicial Court, after hearing and full discussion of the facts involved, overruled the exceptions to Justice Spalding's affirmance of the judgment. Allen v. Com-