**ADOLPH RAMISH, Inc., v. LAUGHARN.**

**In re BEHR.**

**No. 8093.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 16, 1936.

Rehearing Denied Dec. 14, 1936.

Charles J. Katz, Alfred Gitelson, and Grainger & Hunt, all of Los Angeles, Cal., for appellant.

Raphael Dechter, of Los Angeles, Cal., for appellee.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the District Court confirming an order of the referee in bankruptcy. The referee's order, issued in summary proceedings, directed the appellant, Adolph Ramish, Inc., to pay over to the trustee in bankruptcy certain property and money allegedly received from the bankrupt Charles Behr as a preference and in fraud of the general creditors.

An involuntary petition in bankruptcy was filed against Charles Behr in May, 1932. In September, 1933, he was adjudicated a bankrupt. For some time prior to the filing of the petition Behr had been the owner of a one-third interest in certain oil-producing real property in Los Angeles. Appellant, Ramish, Inc., held a third. In addition to these respective interests in the fee, Behr and the appellant each owned a 9⅜ per cent. landowner's royalty in all oil, gas, and other hydrocarbon substances produced from the land. The operating lessee, from whom the royalties were collected, was Sunset Pacific Oil Company.

Certain transfers of Behr's royalty interest had taken place prior to the filing of the bankruptcy petition. In August, 1931, Behr assigned his interest in this royalty to one Maurice C. Myers, his attorney. In January, 1932, Myers assigned the interest to Pacific Petroleum Properties, Limited, a corporation duly authorized and existing under the laws of the state of California. This corporation was wholly owned and controlled by Behr through "dummy" officers and directors.

In the latter part of August, or the first part of September, 1932, appellant discovered that from 1929 until 1932 the Sunset Pacific Oil Company, operating lessee, had paid to Behr and his assignees royalty payments, totaling about $2,700, which payments properly should have gone to appellant upon its 9⅜ per cent. royalty interest. Appellant announced an intention to proceed against Sunset, Behr, and Pacific Petroleum if the matter were not righted. There is some evidence that criminal penalties against Behr were threatened.

After negotiations the matter was adjusted by a transfer of the 9⅜ per cent. royalty interest formerly belonging to Behr from Pacific Petroleum Properties, Limited, to the appellant. At the same time, Behr and his wife quitclaimed to appellant their entire interest in the fee of the land from which the royalty was derived. There is some evidence, although it does not appear in the referee's findings, that coincident with the transfer to appellant of the royalty interest and the land, Sunset Pacific Oil Company paid appellant $955.29 as a compromise and settlement of claims against Sunset for improper distribution of royalties. With the transfer of the royalty interest from Pacific Petroleum to appellant, the latter also received in cash the sum of $339.18, the accumulated royalty obligations accrued on that interest for oil production during July and August, 1932. The land received by appellant from Behr was subject to city and county taxes in a sum upwards of $1,000, which tax obligation appellant assumed and paid.

As consideration for the above transfer, appellant released all claims against Behr, Pacific Petroleum, and Sunset Pa-

cific Oil for the $2,700 royalty payments wrongfully paid Behr and his company; gave Pacific Petroleum $500 in cash; and discharged $1,500 of an obligation owing from Pacific Petroleum to Behr by giving Behr that amount of credit upon certain rental obligations owing from Behr to appellant. Thus, Pacific Petroleum received $2,000, and the remainder of the consideration was, in effect, divided between Behr, Pacific Petroleum, and Sunset Pacific. The referee found, and his finding is not contested, that the reasonable value, of the 9⅜ per cent. royalty interest transferred to appellant, exclusive of the value of the land which was also transferred, was $3,000.

The trustee brought this summary proceeding by petition for order directing Ramish, Inc., to show cause why it should not turn over to the trustee all moneys collected on the assigned royalty interest; the theory of the petition being that the transfer to appellant Ramish was a voidable preference. Bankruptcy Act § 60, 11 U.S. C.A. § 96. Appellant seasonably objected to the summary procedure. The objection being overruled, the matter came on for hearing. The referee found the facts substantially as above, and found in addition that the transfers from Behr to Myers, from Myers to Pacific Petroleum, and from Pacific Petroleum to appellant were all engineered by Behr for the purpose of hindering, delaying, and defrauding his creditors; that the last-mentioned transfer was effected by Behr with the intent and purpose to prefer appellant to his other creditors; that appellant had knowledge of the insolvency and bankruptcy of Behr and had sufficient notice of facts to put it upon inquiry "so as to know that said assignment and said deed operated to prefer Adolph Ramish, Inc., over other creditors of said bankrupt and operated to hinder, delay, and defraud the other creditors of said bankrupt."

The referee accordingly made his order requiring appellant to turn over to the trustee the payments collected on the assigned royalty interest, less the $500 cash payment made to Pacific Petroleum, and decreeing that the appellant had no right, title, or interest in and to the royalty or the land. The district court adopted the findings and confirmed the order of the referee.

The first matter for our consideration is a question of jurisdiction; whether the issue below was properly tried in summary proceedings or whether the trustee should seek his remedy by way of plenary suit. We believe summary procedure was not authorized in this case.

"It is well settled that a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, without the consent of the adverse claimant; but resort must be had by the trustee to a plenary suit. Mueller v. Nugent, 184 U.S. 1, 15, 22 S.Ct. 269, 46 L.Ed. 405. * * * However, the court is not ousted of its jurisdiction by the mere assertion of an adverse claim; but, having the power in the first instance to determine whether it has jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable." Harrison v. Chamberlin, 271 U.S. 191, 193, 46 S.Ct. 467, 468, 70 L.Ed. 897.

The time of determining whether there is or is not a substantial adverse claim on the part of one holding alleged property of the bankrupt is the date of the filing of the petition; for upon that date all property in the actual or "constructive" possession of the bankrupt and all property held by another without "real and substantial adverse claim" to such property as against the bankrupt comes under the jurisdiction of the bankruptcy court. Street v. Pacific Indemnity Co. (C.C.A.9) 61 F. (2d) 106, 108.

On May 12, 1932, when the petition against Behr was filed, the landowner's 9⅜ per cent. royalty interest formerly belonging to Behr stood in the name of Pacific Petroleum Properties, Limited. The transfer to appellant came after the petition. Hence the only adverse claim which appellant may urge to defeat summary jurisdiction is a claim of its grantor, Pacific Petroleum.

That there existed such an adverse claim in Pacific Petroleum is clear. A corporation is a legal entity distinct from its stockholders, even though entirely controlled by one of them. It is equally true that a "one-man corporation" may be so controlled by its one effective stockholder that in respect to particular transactions it holds property or enters into relationships merely as an agent of such stockholder. The question is a real one in this case, and

its solution depends upon a reasoned judgment upon evidence. Hence the claim that Pacific Petroleum, being a separate entity, held the property in its own right and not as agent for Behr is a real and substantial adverse claim, not merely colourable. Such being the case, summary proceedings were not authorized. The trustee should seek his relief in a plenary suit.

Reversed.

### On Petition for Rehearing.

The jurisdiction of this court relative to the subject-matter of the litigation is determined by the petition of the trustee in bankruptcy for the order on the appellant to show cause.

While the trustee's petition alleges that at the time of the filing of the petition in bankruptcy, the bankrupt owned a one-third interest in the oil land in question, the order it seeks is to show cause why the assignment of the 9⅜ per cent. royalty in the land is not invalid so far as the trustee is concerned and why a turnover order should not be made requiring appellant to turn over to the trustee all of the income derived from the 9⅜ per cent. royalty. The evidence shows this royalty transferred by the bankrupt to Myers in August, 1931, and from Myers to Pacific Petroleum Properties, Ltd., on January 29, 1932. If Myers is regarded as the mere agent of the bankrupt, the transfer to the Properties Company may be regarded a preference under 60b of the Bankruptcy Act, 11 U.S.C.A. § 96(b). Since the bankrupt no longer had possession on the filing of his petition, except on the disputed claim of the Properties Company's character as alter ego of the bankrupt, the bankruptcy court cannot, without consent, adjudicate the controversy concerning the title to the royalty. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 432, 44 S.Ct. 396, 398, 68 L.Ed. 770.

The trustee's petition upon which this litigation rests gave to the referee and to this court no jurisdiction to determine the ownership of the land.

The word "property," used in the last paragraph of the opinion of this court, is confined to the royalty interest, the ownership of which alone is concerned in our determination that there should be a plenary suit. This does not involve the determination of the question whether the transfer of the bankrupt's interest in the royalty, made prior to the filing of the petition, carried with it his one-third interest in the fee of the oil land.

Petition denied.