**LOMBARD TRUSTEES, Limited, et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 10289.

Circuit Court of Appeals, Ninth Circuit.

May 21, 1943.

Rehearing Denied June 30, 1943.

Geo. W. Hellyer and John B. Surr, both of San Bernardino, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, Irving L. Axelrod, and A. J. Rockwell, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

Petitioner, organized in California and pursuing its activities there, seeks a review of an order of the Board of Tax Appeals, now Tax Court of the United States, confirming the determination of the Commissioner of deficiencies in petitioner's income and excess profits taxes for the year 1937, as an association, corporate in form, under Section 1001 (a) (2) of the Revenue Act.

of 1936, 26 U.S.C.A. Int.Rev.Acts page 971,[1] and hence taxable as a corporation.

The several instruments creating the association are described by petitioner as "the identical, legal monstrosity that was considered by this court in Porter Property Trustees, Ltd. v. Commissioner, where in an opinion rendered July 29, 1942, Porter Property Trustees, Ltd., [Porter v. Commissioner, 9 Cir., 130 F.2d 276] was held to be an association taxable as a corporation." Petitioner states, "We have no quarrel with that decision."

We there held that the "Hulbert Plan Trust" was framed to include the accomplishment of a business purpose. The Board found here that petitioner was likewise engaged in a business enterprise in 1937 in that "It rents several properties and manages the buildings. The net annual rents, without considering depreciation, amount to $15,751.10. The properties include four 'mercantile buildings,' a store, and a service station with equipment. Petitioner grows oranges, which is certainly an agricultural and business enterprise. In this activity petitioner expended for 'farm expenses' over $14,000. In 1937 the orange crop was sold for a gross amount of $24,635." There is substantial evidence to sustain this Board finding.

Petitioner, agreeing in our decision in the Porter case that the association is in corporate form if, as in that case, there were several beneficiaries, claims that the instant agreement as to a portion of the tax year was not such an association, because from January 1st to March 14th there was but a single beneficiary served by the organized activities of the trustees with whom he was associated, one of whom was the beneficiary. As to this earlier portion of the year, petitioner claims it was not an association, corporate in form. It relies on the word "beneficiaries," in the plural, in a regulation of the Treasury Department,[2] distinguishing between ordinary trusts and such associations.

There is no merit in this contention. We regard the plural word "beneficiaries" as inclusive of the singular. The regulation uses it in the plural both as to ordinary trusts and as to associations which are corporate like in function. If petitioner's contention were correct, it could as well be argued that there could be no trust taxation where there is but a single cestui.

Generally, as in California, a corporation is a distinct entity from its single stockholder. Cf. In re Sterling, 9 Cir., 96 F.2d 616, 619; Ramish v. Laugharn, 9 Cir., 86 F.2d 686, 688. Here what the sole beneficiary owned and had registered in his name were all the "expectancy fractions," six hundred in number, provided in the agreement of association. This holding is analogous to ownership of all the shares of a corporation. Part of these he caused to be transferred to other fraction holders on March 14, 1937, similar to the transfer of corporate shares. The fact that a stock-

---

1 "(2) The term 'corporation' includes associations, joint-stock companies, and insurance companies."

2 Treasury Regulations 94, promulgated under the Revenue Act of 1936, art. 1001—3.

"Art. 1001—3. Association distinguished from trust.—The term 'trust,' as used in the Act, refers to an ordinary trust, namely, one created by will or by declaration of the trustees or the grantor, the trustees of which take title to the property for the purpose of protecting or conserving it as customarily required under the ordinary rules applied in chancery and probate courts. The beneficiaries of such a trust generally do no more than accept the benefits thereof and are not the voluntary planners or creators of the trust arrangement. Even though the beneficiaries do create such a trust, it is ordinarily done to conserve the trust property without undertaking any activity not strictly necessary to the attainment of that object.

"As distinguished from the ordinary trust described in the preceding paragraph is an arrangement whereby the legal title to the property is conveyed to trustees (or a trustee) who, under a declaration or agreement of trust, hold and manage the property with a view to income or profit for the benefit of beneficiaries. Such an arrangement is designed (whether expressly or otherwise) to afford a medium whereby an income or profit-seeking activity may be carried on through a substitute for an organization such as a voluntary association or a joint-stock company or a corporation, thus obtaining the advantages of those forms of organization without their disadvantages. The nature and purpose of a co-operative undertaking will differentiate it from an ordinary trust. The purpose will not be considered narrower than that which is formally set forth in the instrument under which the activities of the trust are conducted. * * * *"

holder owning all the shares of a corporation is also a member of its board of directors, as here the beneficiary was one of the trustees, does not make it any the less a corporation. That is, a single beneficiary, who is also a trustee, makes no pertinent distinction from our decision in the Porter case.

Petitioner contends that it cannot be taxed as a corporation because the single beneficiary must include in his gross income an amount equal to petitioner's income. This contention begs the question. Since petitioner is an association, corporate in form, it must be taxed under Sec. 1001(a) (2) as a corporation. It makes no difference whether the sole beneficiary be taxed as a cestui que trust or a stockholder —an issue not here presented.

We hold that petitioner was taxable as a corporation for the entire year.

The order of the Board is affirmed.

Affirmed.