**DAVIDSON v. SCOFIELD.**

No. 3237.

Circuit Court of Appeals, Tenth Circuit.

Jan. 14, 1946.

William Alan Bryans, of Denver, Colo., for appellant.

William H. Scofield, of Denver, Colo., pro se.

Before PHILLIPS, BRATTON and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The decisive question presented is whether the bankruptcy court had jurisdiction to determine in a summary proceeding an adverse claim to certain property listed by the bankrupt.

Oklahoma Oil Development Company filed in the United States Court for Colorado its voluntary petition in bankruptcy. Certain oil property in Rogers County, Oklahoma, was listed as an asset; and a debt due from Standard Oil Company of Indiana, representing sums arising from sales of crude oil derived from such property, was listed as a chose in action. An order of adjudication was entered and a trustee was appointed. The trustee filed in the proceeding a petition setting up that Mabel L. Davidson had begun in the district court of Rogers County an action against Standard Oil Company and others in which she asserted some interest in the oil property and sought to prevent payment to the trustee of the royalties due under the lease. He prayed that Standard Oil Company be ordered to appear and show cause why it should not make payment to the trustee, that Mabel L. Davidson be ordered to appear and set up in the proceeding any claim she might have to the property, and that such claim be denied. An order to show cause was entered, and by answer filed in response thereto Mabel L. Davidson pleaded that she owned an undivided one-half interest in the leasehold estate and was entitled to share in the proceeds of the oil runs from it. She prayed among other things that her right and interest in the property be determined in accordance with the laws of Oklahoma; that her title be quieted as against the bankrupt and its creditors; and that the bankrupt be enjoined from collecting from Standard Oil Company the share of the proceeds of the oil runs due her. The issues joined on the petition and the answer have never been determined by the referee. The trustee submitted to the referee a petition for an order to sell the oil property. An order was entered fixing the time of the hearing and directing all persons having any interest in the property to appear and show cause why an order should not be entered authorizing the sale. The order to show cause was served upon Mabel L. Davidson and she filed objections to the proposed sale. In the objections, she again pleaded her asserted claim of interest or ownership in the property and prayed that it be adjudicated, based upon the laws of Oklahoma. She further prayed that Standard Oil Company be directed to pay her one-half of the funds then in its hands arising from the sale of oil taken from the property, less a certain part due others. And she prayed in the alternative that the matter of her title and interest in the property and the proceeds therefrom be left for adjudication in the action pending in the state court in Oklahoma. No final action was taken on the petition and the objections thereto.

Thereafter, Mabel L. Davidson filed in the proceeding a motion to dismiss for want of jurisdiction the petition of the trustee for an order requiring her to appear and submit for determination her claim in the

property, and to dismiss for like reason the petition of the trustee for an order requiring her to show cause why the property should not be sold. The essence of the motion was that the court did not have jurisdiction to determine in a summary proceeding her adverse claim of title in and to the property or the proceeds therefrom. The referee found that the property was in the possession of the bankrupt at the time of the filing of the petition in bankruptcy, and that the bankruptcy court had jurisdiction to determine the claim in a summary proceeding. Mabel L. Davidson petitioned for review; on review, the district court approved and confirmed the findings and order of the referee; and Mabel L. Davidson appealed.

A court of bankruptcy does not have jurisdiction to determine in a summary proceeding a claim of title or interest in property held adversely to the bankrupt, without the consent of the adverse claimant. But the mere assertion of a claim of that kind does not oust the court of jurisdiction to enter upon a preliminary inquiry to determine whether the claim is substantial or merely colorable. If the preliminary inquiry discloses that the claim is so completely without substance as to be merely colorable or fictitious, the court may proceed to adjudicate it summarily. If the claim is found to be real and substantial, the jurisdiction of the court to proceed summarily ends and the trustee is relegated to a plenary action, unless the claimant consents that the controversy be adjudicated in the bankruptcy court. May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; MacDonald v. Plymouth Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093; Cline v. Kaplan, 323 U.S. 97, 65 S.Ct. 155; Keaton v. Looney, 10 Cir., 111 F.2d 34; Travis v. United States, 10 Cir., 123 F.2d 268.

But a court of bankruptcy has jurisdiction to adjudicate in a summary proceeding a controversy concerning property which was in the actual or constructive possession of the bankrupt at the time of the filing of the petition in bankruptcy, without the consent of the adverse claimant. The possession requisite to jurisdiction need not be actual. Constructive possession is enough. The yardstick for measuring the question of jurisdiction is not title but whether the property was in the physical or constructive possession of the

bankrupt. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed 770; Harris v. Avery Brundage Co., 305 U.S. 160, 59 S.Ct. 131, 83 L.Ed 100; Thompson v. Magnolia Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Cline v. Kaplan, supra; Keaton v. Looney, supra. Here, the property was in the possession of the bankrupt at the time of the filing of the petition in bankruptcy and therefore the bankruptcy court was clothed with jurisdiction to adjudicate the claim in a summary proceeding.

Strong reliance is placed upon Keaton v. Looney, supra, to sustain the asserted want of jurisdiction. But there the oil business in which the bankrupts were engaged was conducted and operated in the name of a corporation, and the drilling machine, tools, equipment and appliances which the trustee sought to obtain by summary turn-over order were in the name of the corporation, not the names of the bankrupts. We said that if the bankrupts were in possession of the property as owners or with some legal or equitable interest akin to ownership, it was part of their estates for the purpose of bankruptcy and the court had undoubted jurisdiction to require them to deliver it to the trustee; but that, if it belonged to the corporation, and the bankrupts had it in their possession only as agents of the corporation in the conduct of the business, and not otherwise, it was not in their actual or constructive possession as property belonging to their estates and the court was without jurisdiction to require in a summary proceeding its delivery to the trustee, without the consent of the actual owner. Certain stock and notes were also involved. But there was no showing that they were ever in the possession of the bankrupts as owners, agents, or otherwise. Manifestly, no fairly comparable situation is presented here.

One remaining contention merits brief notice. After the filing of the notice of appeal from the order of the district court approving and confirming the findings and order of the referee determining that the bankruptcy court had jurisdiction to adjudicate the claim in a summary proceeding, Mabel L. Davidson seasonably filed a cost bond but not a supersedeas bond. The trustee then filed with the district court a petition to remand the proceeding to the referee. Mabel L. Davidson lodged objections in which it was contended that the perfecting of the appeal suspended jurisdic-

tion of the district court to remand the proceeding. The court overruled the objections but did not enter any order of remand. Subsequently, on application of Mabel L. Davidson, we entered an order staying further proceedings pending the appeal; and, of course, the stay will continue in effect until the filing of our mandate in the trial court. Remand having been stayed in that manner, the question relating to the lack of jurisdiction of the district court to entertain the motion is now moot and need not be explored.

The order appealed from is affirmed.