Thomas J. FITZGERALD, Trustee in Bankruptcy, Appellant,

v.

W. F. SEBEL CO., INC., Appellee.

In the matter of Mario John BENE-DETTI, Bankrupt.

No. 6754.

United States Court of Appeals Tenth Circuit.

Oct. 24, 1961.

Frederick P. Cranston, Denver, Colo. (L. James Arthur, Denver, Colo., with him on the brief), for appellant.

No appearance or brief for appellee.

Before BRATTON, PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

This appeal presents the question of the jurisdiction of the bankruptcy court to recover in a summary proceeding property deposited in the United States mail by a bankrupt before the filing of a petition in bankruptcy but delivered by the postal department to the addressee one day after such filing. The referee sustained its jurisdiction, and the district court, on petition for review, held that the bankruptcy court did not have summary jurisdiction to determine the issue.

The facts are not in dispute. Mario John Benedetti was engaged in the jewelry business in Trinidad, Colorado, and was adjudged bankrupt on a voluntary petition filed August 25, 1958. In March of 1958 the bankrupt purchased on open account a quantity of merchandise from W. F. Sebel Co., Inc. Prior to the filing of the bankruptcy petition, for the purpose of receiving credit on his account, the bankrupt placed in the United States mail a package which contained a substantial portion of this merchandise and was addressed to the Sebel corporation in Los Angeles, California. The package was delivered to Sebel by the Post Office Department on August 26, 1958, and the bankrupt was given credit on his account in the amount of $1,042.00. Sebel makes no contention that it acquired any right in the property other than through the mailing.

It is admitted that under postal rules and regulations the sender of mail, upon demand and payment of necessary fees and expenses, may withdraw mail matter, at any time before delivery to the addressee, and recover possession thereof.[1]

The trustee contends that the right to recall the mail matter is inconsistent with the transfer of title to the merchandise to the addressee, and that at the time of the filing of the petition in bankruptcy the postal department had possession of the merchandise as agent of the bankrupt, and, therefore, the property was subject to his control. He asserts that when Sebel obtained possession of the merchandise it was in custodia legis, and Sebel's claim thereto was not adverse nor more than colorable.

■■ The law on the subject of summary jurisdiction of the bankruptcy court to order property to be turned over to the trustee is summarized in Cline v. Kaplan, 323 U.S. 97, 98–99, 65 S.Ct. 155, 156, 89 L.Ed. 97, as follows:

"A bankruptcy court has the power to adjudicate summarily rights and claims to property which is in the actual or constructive possession of the court. Thompson v. Magnolia Co., 309 U.S. 478, 481 [60 S.Ct. 628, 629, 84 L.Ed. 876]. If the property is not in the court's possession and a third person asserts a *bona fide* claim adverse to the receiver or trustee in bankruptcy, he has the right to have the merits of his claim adjudicated 'in suits of the ordinary character, with the rights and remedies incident thereto.' Galbraith v. Vallely, 256 U.S. 46, 50 [41 S.Ct. 415, 416, 65 L.Ed. 823]; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426 [44 S.Ct. 396, 68 L.Ed. 770]. But the mere assertion of an adverse claim does not oust a court of bankruptcy of its jurisdiction. Harrison

---

1. The pertinent United States Post Office Regulations in effect at the time of the mailing of the package provide:

"*Recall of mail*—(a) *Who may recall mail.* Mail deposited in a post office may be recalled by the sender, by the parent or guardian of a minor child, or by the guardian of a person of unsound mind.

"(b) *Application.* Submit Mail Recall Application, Form 1509, which is obtainable at any post office, to the postmaster at the office of mailing.

"(c) *Expenses.* You must pay all expenses of recalling mail, including the cost of any necessary telegrams, and the regular rate of return postage (except for first-class mail, which is returned with[out] (sic) additional postage), when the mail is returned." 39 C.F.R. § 43.5 (Supp.1961).

Additionally, Post Office Regulations Nos. 331.511, 331.512, 331.53 and 331.54 provide procedures for the postmaster to follow when an application for the recall of mail is submitted.

v. Chamberlin, 271 U.S. 191, 194 [46 S.Ct. 467, 468, 70 L.Ed. 897]. It has both the power and the duty to examine a claim adverse to the bankrupt estate to the extent of ascertaining whether the claim is ingenuous and substantial. Louisville Trust Co. v. Comingor, 184 U.S. 18, 25–26 [22 S.Ct. 293, 296, 46 L.Ed. 413]. Once it is established that the claim is not colorable nor frivolous, the claimant has the right to have the merits of his claim passed on in a plenary suit and not summarily. Of such a claim the bankruptcy court cannot retain further jurisdiction unless the claimant consents to its adjudication in the bankruptcy court. MacDonald v. Plymouth County Trust Co., 286 U.S. 263 [52 S.Ct. 505, 76 L.Ed. 1093]."

In Davidson v. Scofield, 10 Cir., 153 F.2d 7, 9, we said:

"But a court of bankruptcy has jurisdiction to adjudicate in a summary proceeding a controversy concerning property which was in the actual or constructive possession of the bankrupt at the time of the filing of the petition in bankruptcy, without the consent of the adverse claimant. The possession requisite to jurisdiction need not be actual. Constructive possession is enough. The yardstick for measuring the question of jurisdiction is not title but whether the property was in the physical or constructive possession of the bankrupt. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Harris v. Avery Brundage Co., 305 U.S. 160, 59 S.Ct. 131, 83 L.Ed. 100; Thompson v. Magnolia Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Cline v. Kaplan, supra [323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97]; Keaton v. Looney, supra [10 Cir., 111 F.2d 34]. Here, the property was in the possession of the bankrupt at the time of the filing of the petition in bankruptcy and therefore the bankruptcy court was clothed with jurisdiction to adju-

dicate the claim in a summary proceeding."

It is a well settled principle that property held adversely to a bankrupt can be recovered only in a plenary action and not by a summary proceeding in the bankruptcy court. But the bankruptcy court is not ousted of jurisdiction by the mere assertion of an adverse claim. It may make preliminary inquiry, and if, upon undisputed facts, it is found that the claim is fictitious or merely colorable summary proceedings are appropriate. Cline v. Kaplan, supra; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870; Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405; Davidson v. Scofield, supra. When the bankruptcy court errs in determining whether it has jurisdiction to adjudicate a claim on its merits its action is subject to review. Mueller v. Nugent, supra.

Courts which have considered the effect of the United States Post Office regulations giving the sender of mail matter the right to recall the same before delivery have held that the Post Office Department is the agent of the sender, and that the mail matter is to be considered as though still in the possession of the sender. Rhode Island Tool Co. v. United States, 130 Ct.Cl. 698, 128 F. Supp. 417; Dick v. United States, 113 Ct.Cl. 94, 82 F.Supp. 326; Guardian Nat'l Bank v. Huntington County State Bank, 206 Ind. 185, 187 N.E. 388, 92 A.L.R. 1056; Traders' Nat'l Bank v. First Nat'l Bank, 142 Tenn. 229, 217 S.W. 977, 9 A.L.R. 382; 17 C.J.S. Contracts § 52 (1939). We are satisfied that Sebel had neither possession of nor a claim to the property until it was delivered to it by the Post Office Department. The filing of the petition was notice to the world, and all property of the bankrupt was thereafter to be considered in custodia legis. No right could then be acquired to it adverse to the trustee. May v. Henderson, supra; Lazarus, Michel & Lazarus v. Prentice, 234 U.S. 263, 34 S.Ct. 851, 58 L.Ed. 1305; Acme Harvester Co. v. Beek-

man Lumber Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208; Mueller v. Nugent, supra. Receiving the merchandise and crediting the account with its value was the same as securing payment of the debt from the bankrupt's estate after the filing of the petition in bankruptcy. Cf. May v. Henderson, supra. Sebel's claim, therefore, is merely colorable because it was made "without any legal justification." May v. Henderson, supra, 268 U.S. at page 119, 45 S.Ct. at page 460.

Reversed.