**In re BURNO CONSTRUCTION ASSOCIATES, INC., Bankrupt.**

**Cynthia A. NIKLAS, Trustee in Bankruptcy, Plaintiff,**

**v.**

**BURNO BROTHERS, INC., Defendant.**

**Bankruptcy No. 79–00018.**

United States Bankruptcy Court, District of Columbia.

Feb. 12, 1980.

---

Cynthia A. Niklas of Pitts, Wike, Niklas & Bonner, Washington, D. C., for plaintiff.

Edward N. Reiner, Brincefield, Middleton, Reiner & Tremaine, Washington, D. C., for defendant Burno Bros., Inc.

Delong Harris, Washington, D. C., for Andrew Burno.

## MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

This matter came before the Bankruptcy Court for hearing on the motion to dismiss filed by the defendant, Burno Brothers, Inc. (hereinafter the "defendant") and the motion to intervene of Andrew Burno (hereinafter the "intervenor") in an action for turnover by the Trustee-in-Bankruptcy of Burno Construction Associates, Inc. (herein-after the "Bankrupt"), Cynthia A. Niklas, Esq. The trustee's complaint seeks turnover of assets of the defendant, alleging that the assets were in the actual possession of the bankrupt on the date of bankruptcy and thus subject to summary jurisdiction of the Bankruptcy Court inasmuch as the defendant corporation was merely an instrumentality or "alter ego" of the bankrupt. The defendant moves to dismiss on the following grounds:

(1) The assets of the defendant were neither in the actual or constructive possession of the bankrupt on the date of bankruptcy, as the defendant was an independent corporation from the bankrupt;

(2) The defendant asserts a bona fide adverse claim and does not consent to jurisdiction, and therefore no summary jurisdiction exists;

(3) The trustee's complaint is factually deficient and thus fails to state a cause of action.

Andrew Burno moves for intervention of right under FRCP 24(a)(2) and, in the alternative, permissive intervention under FRCP 24(b)(2).[1] A history of Andrew Burno's relationship with the bankrupt and with the defendant, and a summary of his interest in the subject property of this action is set forth in support of his motion.

After a careful review of the applicable case law, the Court concludes that the defendant asserts a bona fide adverse claim to the property at issue and thus summary jurisdiction does not exist over the subject property of this action. Accordingly, the Court grants the defendant's motion to dismiss, and the motion to intervene of Andrew Burno is therefore moot.

In order to place the pending controversy in proper perspective, a brief recitation of the facts is in order. The bankrupt corporation and the defendant corporation were both formed in 1971. The bankrupt was owned by Andrew Burno (25.5%), Foster Burno (25.5%), Robert Gardner (16.33%), William Johnson (16.33%) and John Curtin (16.33%) (the latter three shareholders are

---

1. FRCP 24 is made applicable to this adversary proceeding by Bankruptcy Rule 724.

known as "Curtin and Johnson"). According to Andrew Burno, the two corporations were formed simultaneously to preserve the family business of the Burno Brothers (the defendant corporation), while forming a separate business, under the management of Curtin and Johnson, with capital provided through Small Business Administration minority loans made to the Burno Brothers (the bankrupt corporation).

It appears that during 1975 the bankrupt became unable to meet its financial obligations and disagreements arose within the bankrupt corporation between Curtin and Johnson and the Burno Brothers concerning dissolution of the bankrupt.[2] In December 1975, the bankrupt was engaged in four (4) subcontracts[3], which Andrew Burno submits were "received" by the defendant. It is apparently undisputed that the bankrupt did not enter into any other contracts after December 1975. The Petition in Bankruptcy was filed on January 30, 1979.

The Court heard the oral arguments of counsel for the defendant and of counsel for Andrew Burno in support of the defendant's motion, and of the trustee in opposition to the defendant's motion to dismiss. All parties addressed the merits of the trustee's contention that the defendant and the bankrupt were essentially one entity. This contention is the basis of the trustee's allegation of summary jurisdiction predicated on possession of the subject assets and the lack of a bona fide adverse claim by the defendant. The factual issues in dispute raised at the hearing concerned the relationship between the defendant corporation and the bankrupt. The trustee argued that the bankrupt and the defendant shared the same officers, directors, corporate offices, and phone number; that the bankrupt and defendant had simultaneous dates of inception and overlapping ownership; and that the affairs of bankrupt and the defendant were intermingled and caused creditors to view the two as one.[4] The trustee further alleges that the refusal of discovery in this action by the defendant is indicia of an attempt at concealment.

The defendant, on the other hand, submits that the management of the defendant and the bankrupt were separate from the inception of these corporations, and that until December 1975, Curtin and Johnson managed the bankrupt and the Burnos managed the defendant.[5] The defendant argues that the commingling of funds and assets was limited to the assumption of the outstanding contracts and payment of liabilities of the bankrupt after December 1975, and that no transfers were made from the bankrupt to the defendant.

The defendant further submits that liabilities incurred by the bankrupt after December 1975, the time after which no further contracts were entered, were for materials for work in the other company's contracts and that the bankrupt was not an instrumentality of the defendant to shield the latter from liability.[6]

The issue to be determined in ruling on the pending motion to dismiss is whether summary jurisdiction exists over the subject property. The law is well settled that summary jurisdiction does not lie

---

2. At approximately the same time, the offices of the bankrupt moved to the office occupied by the defendant.

3. These subcontracts were listed by Andrew Burno, in his memorandum in support of the motion to intervene, as follows:
   (1) Street patch contract with the District of Columbia;
   (2) A pipe contract with Baltimore contractors;
   (3) A contract with Bethesda Hospital;
   (4) A contract with Mergentine-Steers-Arundel.

4. The trustee offered, as an indication of the confusion of the two corporations by creditors, the captioning of pending suits in Superior Court as [against] "Burno Construction Associates, Inc., a/k/a Burno Brothers, Inc."

5. The defendant maintains that the joint venture between Curtin and Johnson and the Burnos was based on the ability of the Burnos to obtain Small Business Administration minority loan money and Curtin and Johnson's ability to secure bonding.

6. These arguments were made by counsel for Andrew Burno on behalf of the defendant's motion to dismiss.

where a bona fide adverse claim to the trustee is made to property which is not within the Court's possession. *Cline v. Kaplan*, 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97 (1944). However, the power of the Bankruptcy Court to make a jurisdictional inquiry into the merits of the action is also clear. "It is both the power and the duty [of the Bankruptcy Court] to examine a claim adverse to the bankrupt estate to the extent of ascertaining whether the claim is ingenuous and substantial." *Cline v. Kaplan, supra*, at 99, 65 S.Ct. at 156. The mere assertion of an adverse claim does not oust the court of jurisdiction to make this initial inquiry into whether the claim is substantial or merely colorable. *Harrison v. Chamberlin*, 271 U.S. 191, 194, 46 S.Ct. 467, 468, 70 L.Ed. 897 (1926); *Cline v. Kaplan, supra*, 323 U.S. at 99, 65 S.Ct. at 156; *Davidson v. Scofield*, 153 F.2d 7, 9 (10th Cir. 1946).

 The test of "substantiality" of a claim is whether the claimant's action discloses a contested matter of right involving some "fair doubt and reasonable room for controversy." *Harrison v. Chamberlin, supra*, 323 U.S. at 195, 46 S.Ct. at 469, citing *Board of Education v. Leary*, 236 F. 521 at 524 (8th Cir.).

A claim is more than colorable unless the preliminary inquiry reflects that the claim is insufficient, either in fact or law, or without color of merit and a mere pretense. *Harrison v. Chamberlin, supra*, 323 U.S. at 195, 65 S.Ct. at 469. See generally: 2 Collier on Bankruptcy § 23.07[2] at 527, 528 (1976).

Where the claim to the property arises between related corporations with overlapping ownership and apparent commingling of resources, the determination of whether the claim is "substantially adverse" is a difficult one. Where the claimant and the bankrupt are separate legal entities, despite overlapping control, as in the case of a shareholder and a corporation claimant, the claim has sometimes been deemed substantial. *Ramish v. Laugharn*, 86 F.2d 686, 688 (9th Cir. 1936). In such a case, the question of whether the claimant holds

property as an instrumentality or agent of the bankrupt, or whether it holds the property in its own right, may be a real one, depending on the facts and circumstances of the case. *Ramish v. Laugharn, supra*. In the pending proceeding, the question is a real one. The facts raised at the hearing, especially the separate management and separate records of the corporations, and the sale of assets after bankruptcy by the trustee to the claimant corporation, indicate that a bona fide question exists as to possession, and thus summary jurisdiction is defeated. For these reasons, the motion to dismiss is granted and the trustee should seek relief in plenary proceedings.