**In re Manfred Paul ROBISON and Mary Christine Dietz Robison, Debtors.**

No. 86–2562C(1).
Bankruptcy No. 86–02015(3).

United States District Court,
E.D. Missouri.

June 15, 1987.

T.J. Mullin, Harrison Don King, Clayton, Mo., for debtors.

Curtis L. Mann, Stephen M. Hereford, Clayton, Mo., for appellant.

## MEMORANDUM

NANGLE, Chief Judge.

### Introduction

This Chapter 7 Bankruptcy case is now before the Court on the Bankruptcy Trustee's appeal from the orders of the United States Bankruptcy Judge authorizing Debtors to sell property of the bankruptcy estate over the objection of the Bankruptcy Trustee. The Court concludes that the Bankruptcy Code does not authorize Chapter 7 debtors to sell property of a Chapter 7 bankruptcy estate. Rather, the Bankruptcy Code vests in the Bankruptcy Trustee the exclusive right, power, and authority to sell property of a Chapter 7 bankruptcy estate. Therefore, the Bankruptcy Judge erred in authorizing Chapter 7 debtors to sell property of a Chapter 7 bankruptcy estate over the objection of the Bankruptcy Trustee. Accordingly, the Order and Supplemental Order of the Bankruptcy Court so authorizing Debtors are reversed.

### Discussion

On August 19, 1986, Debtors Manfred Paul Robison and Mary Christine Dietz Robison filed a voluntary joint bankruptcy petition under Chapter 7 of the Bankruptcy Code. On that same date, Appellant Curtis L. Mann was appointed Bankruptcy Trustee. On August 31, 1986, Debtors executed a sales contract to convey their home, an asset of the bankruptcy estate, to certain third-parties for $62,500. Thereafter, Debtors filed a motion to permit sale of real estate. The Bankruptcy Trustee filed objections to Debtors' motion. The Bankruptcy Judge held a hearing on Debtors' motion. The Bankruptcy Judge determined that the sales price was fair and reasonable. Thus, the Bankruptcy Judge approved the sale.

Debtors' home is the primary asset of the bankruptcy estate. The proposed sales price for Debtors' home will provide funds to cover only existing liens, the sales commission, and Debtors' Missouri $8,000 homestead exemption. The sale of Debtors' home will not provide any funds to pay Debtors' unsecured creditors. As Chapter 7 debtors, Debtors will be relieved of their obligation to these unsecured creditors upon discharge in bankruptcy. Thus, the Bankruptcy Trustee argues that Debtors have no incentive to obtain a sales price in excess of one sufficient to provide only for existing liens, the sales commission, and Debtors' homestead exemption. For this reason, the Bankruptcy Trustee argues that, in a Chapter 7 case, the Bankruptcy Trustee is vested with exclusive right, power, and authority to sell property of the bankruptcy estate. The Bankruptcy Trustee does not contest the fairness or reasonableness of the instant sales price.

■. "The filing of the bankruptcy petition has the effect of divesting the debtor of 'all legal and equitable interests' he possesses in property at the time of filing, 11 U.S.C. § 541(a)(1), and vests those interests in" a bankruptcy estate. *Commercial Credit Business Loans, Inc. v. Northbrook Lumber Company, Inc.*, 22 B.R. 992, 995 (N.D.Ill.1982). Thus, the filing of the bankruptcy petition creates a bankruptcy estate comprised of all legal and equitable interests of the debtor in property. 11 U.S.C. § 541(a)(1). *See In re Graham*, 726 F.2d 1268, 1270 (8th Cir.1984). All property of the debtor is included in the bankruptcy estate, including exempt property. *Tignor v. Parkinson*, 729 F.2d 977, 980 (4th Cir.1984).

■ By filing the bankruptcy petition, the debtor relinquishes his rights and interests in his property, including his title to his property and his right to sell or transfer his property. *Commercial Credit Business Loans, Inc. v. Northbrook Lumber Company, Inc.*, 22 B.R. 992, 995 (N.D. Ill.1982). *See Missouri v. U.S. Bankruptcy Court*, 647 F.2d 768, 774 (8th Cir.1981), *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982). The debtor is required to surrender to the Bankruptcy Trustee all property of the bankruptcy estate. 11 U.S.C. § 521(4). *See* 1 Norton, *Bankruptcy Law and Practice*, § 26.01.

648

The Bankruptcy Code grants to the Bankruptcy Trustee the right, power, and authority to sell the property of the bankruptcy estate. 11 U.S.C. § 363(b) & (c)(1). The Trustee may sell the property of the estate, other than in the ordinary course of business, only after notice and a hearing. 11 U.S.C. § 363(b). The Trustee may sell property in the ordinary course of business without notice and a hearing. 11 U.S.C. § 363(c)(1). Chapters 1, 3, and 5 of the Bankruptcy Code do not authorize Chapter 7 debtors to sell property of the bankruptcy estate. Likewise, Chapter 7 does not authorize Chapter 7 debtors to sell property of the bankruptcy estate. The only provision of the Bankruptcy Code authorizing the sale of property of Chapter 7 bankruptcy estates empowers the Trustee to sell that property. *See* 11 U.S.C. § 363(b) & (c)(1).

In contrast to Chapter 7 debtors, Chapter 11 debtors-in-possession, and all Chapter 13 debtors, are authorized to exercise the sale rights and powers of Bankruptcy Trustees under 11 U.S.C. § 363. *See* 11 U.S.C. § 1107(a) and 11 U.S.C. § 1303. *See also In re Brookfield Clothes, Inc.*, 31 B.R. 978, 9 C.B.C.2d 128, 133–134 (S.D.N.Y.1983); *In re One Marketing Co., Inc.*, 17 B.R. 738, 739 (Bankr.S.D.Tex.1982); *In re Sapolin Paints, Inc.*, 11 B.R. 930, 935–936 (Bankr. E.D.N.Y.1981); Ginsberg, *Bankruptcy* § 5401 at 5038. It is the existence of 11 U.S.C. § 1107(a) and 11 U.S.C. § 1303 which give Chapters 11 and 13 debtors the right, power, and authority to sell property of the bankruptcy estate.

Chapter 11 bankruptcy is business "reorganization" bankruptcy. Chapter 13 bankruptcy is individual "adjustment of debts" bankruptcy. Both Chapters 11 and 13 contemplate that the debtor will pay all of his debts. Thus, if a Chapter 11 or 13 debtor does exercise his right to sell property of the bankruptcy estate, *see* 11 U.S.C. § 1107(a), 11 U.S.C. § 1303, and 11 U.S.C. § 363, the debtor has incentive to maximize the sales price. In contrast, Chapter 7 bankruptcy is "liquidation" bankruptcy. Chapter 7 anticipates that the debtor will be relieved of his unsecured debts through discharge in bankruptcy. Thus, as the Bankruptcy Trustee argues, a Chapter 7 debtor does not have incentive to maximize the sales price if he sells property of the bankruptcy estate. The Court concludes that this difference between Chapters 11 and 13 bankruptcies and Chapter 7 bankruptcy helps to explain why the Bankruptcy Code provides that Chapters 11 and 13 debtors are allowed to, but Chapter 7 debtors are not allowed to, sell property of the bankruptcy estate.

By filing the bankruptcy petition, Chapter 7 debtors relinquish their right to sell their property. The Bankruptcy Code authorizes Trustees to sell the property of Chapter 7 bankruptcy estates. The Bankruptcy Code does not authorize Chapter 7 debtors to sell the property of Chapter 7 bankruptcy estates. Thus, the Court concludes that the Bankruptcy Code vests in the Bankruptcy Trustee the exclusive right, power, and authority to sell the property of Chapter 7 bankruptcy estates. As Chapter 7 debtors, Debtors did not have the right to sell their home, an asset of the bankruptcy estate. As the Trustee objected to Debtors' sale of their home, the Bankruptcy Judge erred in authorizing Debtors to consummate the sale. Accordingly, the Order and Supplemental Order of the Bankruptcy Court are reversed, and this case is remanded to the Bankruptcy Court for further proceedings consistent with this memorandum.